Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEVADA

| | |
|---|---|
| **ANGELA WILLIAMS et al,** an individual<br><br>Plaintiff<br><br>v.<br><br>**STEVE SISOLAK,** Governor<br><br>Defendant | **PROPOSED INTERVENOR RUSSELL GREER'S MOTION TO INTERVENE AS A DEFENDANT**<br><br><br>Case No.: 28:1343<br><br><br>Judge Andrew P Gordon<br><br>Magistrate Judge Cam Ferenbach |

1

Pursuant to Federal Rule of Civil Procedure ("FRCP") 24, and for the reasons set forth herein, Russell Greer hereby moves to intervene in this action as a defendant. This case is one of several actions commenced by lawyer Jason Guinasso. Mr. Guinasso has used his position as a lawyer to take on any case to try to shut down legal prostitution in Nevada. His actions have ranged from many failed ballot initiatives to filing a similar lawsuit involving the same plaintiff back in 2019. Mr. Guinasso's actions are reminiscent of Jack Thompson, a disbarred lawyer in Florida who waged a similar campaign against violent video games. *Jack Thompson Disbarred.* Kotau.com. (2008). (https://kotaku.com/jack-thompson-disbarred-5054772). Mr. Guinasso's actions have been characterized as "creepy" and "obsessive". *The Guinasso Files*. Lyon County Freedom Files. (2018). (https://www.lyoncountyfreedom.org/the-guinasso-files-part-iv/). He has even gone as far as trying to obtain the private information of sex workers in attempt to out them. *Id.*

As a paralegal, Guinasso's actions are very concerning. As a disabled patron of legal brothels, Guinasso's actions involving this frivolous case threaten Greer's state statute rights to solicit in a brothel. Greer has a strong interest in protecting his rights as a disabled man and has an interest as a legal professional to seek sanctions against Mr. Guinasso for his continuing frivolous behavior. Greer has made the state bar aware and they instructed Greer to file a grievance in the present matter. **EXHIBIT A.** That is the basis for Greer wishing to intervene. The current named defendants cannot represent Greer's interests and is why he wishes to intervene.

Greer therefore seeks to intervene in this matter as of right under FRCP 24(a), or in the alternative, permissive intervention under FRCP 24(b), in order to protect legal prostitution in Nevada. This Motion is made and based on upon the following Memorandum of Points and Authorities, the pleadings and papers on record in this action, and any argument presented at the time of hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     BACKGROUND

As this Court has been told in the previous pages of this motion, Mr. Guinasso has a mission to shut down Nevada's legal brothels. Each year, he launches an endeavor and fails each and every time. Greer is not meaning to attack or belittle Counsel, rather, this information is important because it gives insight to Guinasso's motivations.

This case has essentially already been hashed out in 2019, in this very court, involving the same Plaintiff. Issue preclusion and res judicata bars Ms. Williams' claims. It was found that she lacked standing in 2019. Nothing has changed for Ms. Williams or her counsel to bring forth this new case, nor is she suffering continuous harms. Disagreeing with something one might find taboo, aka a generalized grievance, does not give one standing to pursue a claim in court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 576 (1992)

Proposed intervenor Greer has two legitimate interests in this case. The first interest being that Greer is a disabled man who unabashedly patronizes the Nevada brothels, where he engages in paid, *consensual* sex with other adults.

Greer has a facial disability called, "moebious syndrome", which means his entire face is paralyzed. As this Court can imagine, his disability limits his chances of finding a partner and so he has had to solicit sex workers to feel intimacy. When one has nothing, just having something means everything. Nevada's legal brothel system allows for Greer to legally pay another adult without fear of arrest. Greer would argue and say that his right to solicit a sex worker is as much of a right for a woman to seek an abortion.

The second interest is that Greer is a paralegal. He is astonished at Mr. Guinasso's crusade that he has been waging for the past several years against legal brothels. It is one thing to disagree with legal prostitution. It is something else entirely to continue to push through frivolous cases that have no merit. It is time for a court to rebuke Guinasso for his continued

abuse of the legal system, which is why Greer would like to join to not only defend his right as a disabled client, but to file a motion for sanctions.

## II. ARGUMENT

Greer seeks to intervene to protect his pecuniary interests in going to Nevada brothels and using his money for sex. He meets the requirements of the Federal Rules of Civil Procedure for both intervention as of right and permissive intervention.

### A. Greer is Entitled to Intervene as of Right.

Greer meets the criteria for intervention as of right under Rule 24(a) because (1) he has a sufficient interest in the litigation's subject matter, (2) he could suffer an impairment of his ability to protect that interest if he does not intervene, (3) his interest is not adequately represented by existing parties, and (4) his application is timely. See *Hairr v. First Jud. Dist. Court,* 132 Nev. Adv. Rep. 16, 368 P.3d 1198, 1200 (2016).

### 1. Greer has a Sufficient Interest in the Litigation's Subject Matter.

Greer meets the first criteria for intervention as of right under Rule 24(a) because he has a sufficient interest in the litigation's subject matter. *Hairr,* 368 P.3d at 1200. The federal courts have found that the interests test under Federal Rule Civ. P. 24(a) is not a rigid standard, but rather "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); see also *Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 69 (D.D.C. 2006) ("proposed intervenors of right need only an interest in the litigation—not a cause of action or permission to sue") (quotation marks and internal citation omitted); *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981) (holding that a proposed intervenor need not have a specific legal or equitable interest in jeopardy but simply a "protectable interest of sufficient magnitude to warrant inclusion in the action").

Greer easily meets this test. As explained in the background section of this motion, Greer has explained that he, as a disabled man, goes to legal Nevada brothels because dating as a disabled man is hard. He is left out of your typical dating pool. If the Nevada statute were struck down, that allows brothels, he would have no legal place to go to pay sex workers. He would be forced to engage in "back alley sex", where he is not afforded the same protection as legal brothels offer.

Further, Greer has an interest in intervening to file a motion for sanctions because Mr. Guinasso is going to continue this song and dance for the foreseeable future and a court needs to rebuke him. So far, no defendants have moved for sanctions. As stated, Guinasso is free to disagree with prostitution. But to continue to abuse the legal system, especially when the same plaintiff brought the same claim a few years ago, is unacceptable. This same court has allowed intervenors to intervene in frivolous lawsuits, see *Zimmerman v. GJS Group (D. Nevada 2017)* (the State of Nevada intervened in an ADA lawsuit where the Plaintiff was known to have filed more than 200 lawsuits).

**2. Without Intervention, Disposition of This Case Would Impair Greer's Ability to Protect His Interests**

Greer meets the second criteria for intervention as of right under Rule 24(a) because he could suffer an impairment of his ability to protect his interests if he does not intervene. *Hairr*, 368 P.3d at 1200. Rule 24(a) requires applicants to demonstrate they will "either gain or lose by the direct legal operation and effect of the judgment which might be rendered in the suit between the original parties." *Stephens v. First Nat'l Bank of Nev.*, 64 Nev. 292, 304–05, 182 P.2d 146, 151–52 (1947) (quoting Harlan v. Eureka Mining Co., 10 Nev. 92, 94–95 (1875)).

As explained above, striking down the legal prostitution system here in Nevada would harm Plaintiff because he would lose his legal state statutory right to pay another adult for sex. But it's more than the sex. It's being able to connect with another human being and being able to feel

5

accepted — a feeling that regular, non-sex workers have refused to give Greer. This is a right unique to Nevada that Plaintiff and her counsel are strangely hell-bent on tearing down. Without legal brothels, Greer would be left without a legal option and he would be forced to engage in illegal activities. Thus, Greer meets the second criteria for intervention as of right under Rule 24(a)

### 3. Greer's Interests Are Not Adequately Represented by Existing Parties

Greer meets the third criteria for intervention as of right under Rule 24(a) because his interest is not adequately represented by existing parties. *Hairr*, 368 P.3d at 1200. The State of Nevada, Clark County and Las Vegas cannot fully represent Greer's interests because there are no brothels in Clark County, where Greer currently lives. Greer has not solicited at the Chicken Ranch, so that entity cannot represent him as their client. The State cannot represent him because although state law allows for brothels in counties under 400,000 people, prostitution has been designated as a county issue. The brothels Greer goes to are in Lyon and Elko counties, which they are not parties to this case. And the other defendants are private companies that have no connection to Greer.

### 4. This Motion is Timely

"Timeliness is 'the threshold requirement' for intervention ." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997). Courts consider three factors to determine whether a motion to intervene is timely: (1) the stage of the proceedings when the motion is filed, (2) the prejudice to other parties, and (3) the length and reason for any delay. *Id*.

In considering the first factor, Greer is intervening in the early stages of the proceeding. In fact, many of the other defendants served in this action were just barely served on 12-20-21. Docs 87-90. Doc 96 approved another defendant's extension of time. So yes, proceedings are very early in the litigation phase.

As to the second factor, the existing parties will not be prejudiced. The Plaintiff is certainly not prejudiced, as the case is still in the early stages. Defendants would not be prejudiced either because many of them are still filing answers.

As for the third factor, there really hasn't been much of a delay in filing to intervene, as the case is still in the early stages. Thus, this motion is timely.

**B. Greer is Entitled to Permissive Intervention**

Greer alternatively seeks permissive intervention under FRCP 24(b). Under FRCP 24(b), the court may permit anyone to intervene who, on a timely motion, "is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a "common question of law or fact." FED. R. Crv. P. 24(b)(l). FRCP 24(b) should be construed liberally in favor of applicants for intervention, and intervention is allowed even when the intervenor has no direct personal or pecuniary interest in the subject of the litigation. *My Home Now, LLC v. Bank of America, N.A.*, No. 2:14-cv-01957-RFP-CWH, 2015 WL 4276100 at *1-*2 (D. Nev. July 13, 2015).

A movant "who seeks permissive intervention must prove that he or she meets three threshold requirements: (1) shares a common question of law or fact with the main action; (2) motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickma*n, 159 F.3d 405, 412 (9th Cir. 1998).

For the same reasons described in Section A, this motion is timely. Further, Greer seeks to intervene to adjudicate questions of whether Plaintiff has proper standing to bring these suits, has sufficiently pled a cause of action on which relief can be granted, and has presented a case or controversy that is ripe for review; all these questions stem from the Plaintiffs allegations in the main action. Greer does not dispute that federal court is the right jurisdiction to hear this case.

Given all these ample reasons to allow Greer's intervention, the Court should not hesitate to exercise its discretion in allowing Greer to intervene in this matter.

## **CONCLUSION**

For the foregoing reasons, Greer respectfully requests that the Court grant Greer's request to intervene as of right pursuant to FRCP 24(a) or, in the alternative, permit Greer to intervene pursuant to FRCP 24(b).

Respectfully

DATED:  December 26th, 2021

Respectfully submitted,

By: /s/

Russell Greer
Pro Se Litigant
/rgreer/

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO INTERVENE AS A DEFENDANT**, with the Clerk of the Court by using email.

I certify that the following participants in this case are registered electronic filing systems users and will be served electronically:

Jason Guinasso
Email: jguinasso@hutchlegal.com

9

# EXHIBIT A

**STATE BAR OF NEVADA**

3100 W. Charleston Blvd., Suite 100
Las Vegas, NV 89102
phone 702.382.2200

9456 Double R. Blvd., Ste. B
Reno, NV 89521-5977
phone 775.329.4100

**www.nvbar.org**



November 12, 2021

Russell Greer
P.O. Box 46602
Las Vegas, NV 89114

VIA EMAIL: russmark@gmail.com

    Re:    Grievance / Jason Guinasso, Esq.

Dear **Mr. Greer**:

    The Office of Bar Counsel has reviewed your correspondence to the State Bar of Nevada regarding attorney Jason Guinasso.

    A review of the information provided indicates that your grievance involves allegations which should be addressed in the appropriate judicial settings.

    The Office of Bar Counsel and the disciplinary boards of the State Bar are not substitutes for the court systems. Therefore, no further action shall be taken in this matter.

    If a court makes written findings which clearly establish attorney misconduct, please re-submit that information for our reconsideration.

Sincerely,

/s/

Phillip J. Pattee
Assistant Bar Counsel