Jason D. Guinasso (SBN# 8478)
HUTCHSON & STEFFEN PLLC
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
*jguinasso@hutchlegal.com*

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
Pansy Watson*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
*lawcenter@ncose.com*

**Admitted Pro Hac Vice*
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS; JANE DOE #1; JANE DOE#2<br><br>Plaintiffs,<br><br>v.<br><br>STEVE SISOLAK, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; THE CITY OF LAS VEGAS; CLARK COUNTY; NYE COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST LLC; JAMAL RASHID; MALLY MALL MUSIC, LLC; FUTURE MUSIC, LLC; PF SOCIAL MEDIA MANAGEMENT, LLC; E.P. SANCTUARY; | Case No. 2:21-cv-01676<br><br>**PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR RUSSELL GREER'S MOTION TO INTERVENE [ECF 105]** |

1

BLU MAGIC MUSIC, LLC; EXCLUSIVE BEAUTY LOUNGE, LLC; FIRST INVESTMENT PROPERTY LLC; V.I.P. ENTERTAINMENT, LLC, MP3 PRODUCTIONS, INC., & MMM PRODUCTIONS, INC.; SHAC, LLC D/B/A SAPPHIRE GENTLEMAN'S CLUB AND/OR SAPPHIRE; SHAC MT, LLC; and LAS VEGAS BISTRO, LLC D/B/A LARRY FLYNT'S HUSTLER CLUB;

Defendants.

Plaintiffs Angela Williams, Jane Doe #1, and Jane Doe #2 by and through their counsel of record, hereby file this Opposition to Proposed Intervenor Russell Greer's Motion to Intervene. This Opposition is made and based upon the attached Memorandum of Points and Authorities.

DATED this 10th day of January, 2022.

/s/ Jason D. Guinasso
Jason D. Guinasso (SBN# 8478)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
jguinasso@hutchlegal.com

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
Pansy Watson*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com

*Admitted Pro Hac Vice
Attorneys for Plaintiffs

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On December 27, 2021, Russell Greer filed a motion to intervene as a Defendant (ECF 105) in a case that was originally filed on September 10, 2021, ECF 1, with the first amended complaint filed on November 10, 2021, ECF 49. Plaintiffs Angela Williams, Jane Doe #1, and Jane Doe #2 have alleged that the defendants cooperated together to maintain and profit from a legalized prostitution system, and that Plaintiffs were sex trafficked due to that system, in violation of the Thirteenth Amendment's slavery ban and federal laws against sex trafficking. *See* ECF 49 at ¶¶ 1-9.

Mr. Greer now maintains that being a sex buyer gives him the right to intervene in this anti-trafficking case. *See* ECF 105. But Mr. Greer does not have a protected interest in buying other people's bodies for sex; nor does he sufficiently allege that the existing parties to the case cannot adequately represent his interests. Fed. R. Civ. P. 24(a). Given the nature of Mr. Greer's claims and the complexity of this suit, the Court should deny his motion to intervene.

## ARGUMENT

As a sex buyer, Mr. Greer has no right to intervene in this case filed to vindicate the rights of sex trafficking survivors, nor should he be granted permissive intervention, which would unnecessarily complicate the case.

### I. Legal Standard

The federal rules permit intervention of right where a person timely moves, and either has the right to so under a federal statute, or "claims an interest relating to the . . . transaction that is the subject of the action," and "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent

that interest." Fed. R. Civ. P. 24(a).

In the Ninth Circuit, a would-be party must meet four factors to intervene as of right under Fed. R. Civ. P. 24(a)(2): (1) the application must be timely; (2) the applicant must have a "significant protectable interest" in the action; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)(cleaned up); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts "are guided primarily by practical and equitable considerations" in assessing these criteria. *Donnelly*, 159 F.3d at 409. "The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (cleaned up).[1] Failure to satisfy any one of the requirements is fatal to the application. *See California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986).

As for permissive intervention, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In making this determination a court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

///

///

---

[1] This brief uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g., Brownback v. King*, 141 S. Ct. 740, 748 (2021); *Ashford v. Raby*, No. 19-1677, 2020 WL 1057393, at *2 (6th Cir. Mar. 5, 2020); *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017); *Smith v. Kentucky*, 520 S.W.3d 340, 354 (Ky. 2017).

## II. Mr. Greer is not entitled to intervention as of right.

Mr. Greer does not have a significant protectable interest in legally buying women for sex, and if he had any interest, it would be adequately protected by the existing defendants. Plaintiffs do not contest the timeliness of Mr. Greer's motion.

### A. Mr. Greer does not have a significantly protectable interest in buying other people for sex.

To intervene as of right, a would-be party must have "a significant protectable interest in the action," where the ability to protect that interest could be impaired by the action's disposition. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). A "significant protectable interest" is one that is "protectable under some law," and "has a relationship with the claims at issue." *Hawai'i by Off. of Consumer Prot. v. Stone*, No. 19-CV-00272-DKW-RT, 2020 WL 1643856, at *2 (D. Haw. Apr. 2, 2020), *aff'd sub nom. Hawaii v. Stone*, 830 F. App'x 964 (9th Cir. 2020) (cleaned up).

In *Stone*, the proposed intervenors identified an interest in their homes and in having a particular person represent them in state foreclosure cases. *Id*. But the court found that there was no right to legal representation in civil cases, and thus that this could not be a protectable interest. In other words, while the proposed intervenors could have an interest in something, that interest was not protectable if no legal right was attached to it.

So too here. Mr. Greer, citing no legal authority, claims he has "state statute rights to solicit in a brothel." ECF 105 at 2. The import is plain: Mr. Greer believes he has a right to pay for sex, because he maintains he has difficulty in getting sex for free. *See* ECF 105 at 2, 5-6. But Nevada law does not grant Greer a right to access anyone's body for sex. Nevada's brothel licensing statute does not *require* any county to legalize brothels to accommodate sex buyers,

*see* NEV. REV. STAT. § 244.345(8).  Any county can opt to not permit brothels, even if state law would allow them to operate, and some Nevada counties have done so.  *See, e.g.*, PERSHING, NEV., COUNTY CODE, §§ 9.08.010-9.08.040 (prohibiting prostitution and brothel-keeping).

Even if this court were to countenance that buying another human being for sex is one human being's legally protected interest, Nevada's laws do not guarantee this to Mr. Greer.  It permits him to buy sex in brothels in certain locations without criminal penalty, *see* NEV. REV. STAT. § 244.345(8) (permitting brothel prostitution in counties with fewer than 700,000 residents); NEV. REV. STAT. § 201.354 (forbidding sex buying outside legal brothels), but it does not give him the *right* to do so.  (As Plaintiffs have alleged, ECF 49 at ¶¶ 86, 127-132, and as Mr. Greer now demonstrates, legal cover without stated legal rights provides more than enough incentive for men to travel to Nevada to buy women for sex, and apparently, for those men to feel entitled to do so).

Absent such a statutory right, Mr. Greer cannot have a legally protectable interest.  Ultimately, Mr. Greer's sexual experiences at Nevada brothels are not relevant to whether Nevada's legal prostitution system, as enabled and profited from by the public and private defendants in this case, violates federal laws against slavery.

Mr. Greer also claims to have an interest as a "legal professional" to seek sanctions against Plaintiffs' counsel, as he finds Plaintiffs' claims frivolous.  ECF 105 at 2.  He states: "Greer has made the state bar aware and they instructed Greer to file a grievance in the present matter."  ECF 105 at 2.  First, Mr. Greer mischaracterizes his correspondence with the state bar, which effectively told him not to address the bar to resolve disputes properly in civil court.  *See* ECF 105, Exhibit A.  Second, Mr. Greer cites no legal authority for the claim that being a paralegal amounts to a protectable interest in being able to move for sanctions in cases at will.  Third,

moving for sanctions is a remedy, not an interest, and Mr. Greer identifies no statute or other law that creates a protectable interest for anyone in being able to so move. Fourth, there can be no legally protected interest in using civil courts to harass sex trafficking survivors and their counsel.

Mr. Greer offers no basis for his claims that this litigation is frivolous or that sanctions are in order, stating: "It is one thing to disagree with legal prostitution. It is something else entirely to continue to push through frivolous cases that have no merit." ECF 105 at 3-4. That he resents Plaintiffs' opposition to the system that enslaved them is not grounds for sanctions, nor does it constitute a protectable right. It is one thing to disagree with those who have survived and oppose the sex trade. It is something else entirely to try to sanction survivors' attorneys for suing those who exploited and profited from their abuse.

Accordingly, Mr. Greer does not have a significant, legally protectable interest based on his desires to buy sex or file for sanctions. Since he has no relevant interests, it follows that Mr. Greer has failed to meet the impairment prong as well.

### B. Mr. Greer's interest, if any, is adequately represented by at least one of the public or private parties to this suit.

Even if a would-be party has the requisite interest, an intervention as of right requires that "the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003)(cleaned up). Where the party and the proposed intervenor share the same "ultimate objective," a "presumption of adequacy of representation" applies, and the intervenor can rebut that presumption only with a "compelling showing" to the

contrary. *Id*.

Greer's ultimate objective in this case is for Nevada's legalized prostitution system to be maintained and not be struck down as unconstitutional, an objective shared with the other defendants, especially the State and Nye County defendants. *See* ECF 53; ECF 58; ECF 71. Mr. Greer offers no support for rebutting the presumption that the existing defendants adequately represent any interests he might have.

Additionally, government defendants are also presumed to provide adequate representation: "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," which must be rebutted with a compelling showing." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (cleaned up). Mr. Greer does not refute this presumption either. The defendants in this case include the Governor and Attorney General of Nevada, the City of Las Vegas, Clark County, Nye County, a brothel, two strip clubs, an escort agency and individual trafficker, and related businesses. The government defendants are presumptively adequate representatives of any interest Mr. Greer could have. Clark County, has in fact, taken the lead among the defendants in defending the government entities' actions. *See* ECF 36, ECF 40, ECF 53.

And both Nye County and Chicken Ranch have a particular interest in defending the brothel-related statutes and regulations. In fact, their interest is much stronger, because if Plaintiffs succeed, they are liable for criminal conduct violating the Thirteenth Amendment and federal anti-trafficking laws, as well as likely to lose significant income, ECF 49 at ¶¶ 322-349; 54-55, while Mr. Greer will simply be deprived of the sex he feels he has a right to.[2] Therefore, given that this

---

[2] Where Mr. Greer lives, or which brothels he most prefers to frequent, are irrelevant to question of whether the defendants can adequately represent his ultimate interest in maintaining legalized prostitution in Nevada.

8

litigation involves numerous public and private defendants, who share Mr. Greer's objectives, any interest Mr. Greer might have is adequately represented.

Since Mr. Greer has failed to establish a protectable interest in this litigation, as Nevada's laws do not give him a right to buy sex, and since the various existing parties would adequately represent him if that interest was valid, Mr. Greer has failed to meet the requirements for an intervention as of right.

**III.     Mr. Greer should not be granted permissive intervention, given the nature of his claims and the complexity of this suit.**

Federal Rule of Civil Procedure 24(b)(1)(B) states that on timely motion, the district court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.  At a minimum, the applicant must show:  (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

If an applicant can meet these factors, it is up to the court to decide whether it will allow permissive intervention.  "In exercising its discretion, a court should consider whether intervention will unduly delay or prejudice the original parties, whether the applicant's interests are adequately represented by the existing parties, and whether judicial economy favors intervention." *PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1214 (D. Nev. 2009), *aff'd,* 626 F.3d 1097 (9th Cir. 2010) (citing *Venegas v. Skaggs,* 867 F.2d 527, 530–31 (9th Cir.1989)).

Here, the Court should not grant Mr. Greer's request to intervene because his alleged interests are adequately represented by existing parties and intervention will likely cause delay and undue prejudice.

### A. Mr. Greer's interests, if any, are adequately represented by existing parties.

Permissive intervention, like intervention of right, should be denied when the proposed intervenor's interests are adequately represented by existing parties. *PEST Committee*, 648 F. Supp. 2d at 1214; *Venegas*, 867 F.2d at 530. As discussed above, Mr. Greer has not shown that the current Defendants will not adequately represent his interests. To the contrary, because the Nevada Attorney General is representing an existing party in defense of the constitutionality of Nevada law, it is presumed that Mr. Greer's interests in that identical objective are adequately represented. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) ("In the absence of a "very compelling showing to the contrary," it will be presumed that a state adequately represents its citizens when the applicant shares the same interest.").

Mr. Greer argues that his interests are not adequately represented because "prostitution has been designated as a county issue." ECF 105 at 6. Yet, he acknowledges that he wishes "to protect legal prostitution in Nevada." ECF 105 at 2. This interest is indistinguishable from that of the State. The legal arguments Mr. Greer intends to raise—lack of standing, ripeness, and failure to state a claim for which relief can be granted, ECF 105 at 7—are all standard legal defenses that the State, County, City, and private defendants are all adequate and competent to raise. Mr. Greer's ultimate interests are the same as the existing defendants; he has not shown that any Defendant does not share his goal of maintaining Nevada's status quo when it comes to legally-sanctioned sex buying.

Mr. Greer has not carried his burden of overcoming the presumption that his interests are adequately represented by the government Defendants. Moreover, he has not shown that his interests are any different from the private Defendants. Therefore, this Court should deny Mr. Greer's request for permissive intervention.

**B. Given Mr. Greer's history and the complexity of this case, permissive intervention will cause undue delay and prejudice, and will not serve judicial economy.**

Even if threshold requirements were met, courts may deny permissive intervention if there is possible prejudice to the original parties to the litigation and if judicial economy will not be served by permitting the requested intervention. *See* Daniel R. Coquillette Et. Al., Moore's Federal Practice Sec. 24.10(1) (3rd ed. 2003). Because any interests Mr. Greer might have are adequately represented already, his intervention and participation will serve no purpose other than to raise extraneous issues that will increase the workload and costs for the Plaintiffs and the Court, potentially prejudicing Plaintiffs and delaying resolution of this litigation.

This assertion is further supported by Mr. Greer's background, as well as his conduct in this litigation already. Mr. Greer has established a political action committee whose purpose is full decriminalization or legalization of the sex trade.[3] In the past, he has created crowdfunds to support his efforts to permit brothels in Utah, that is, to sue the state after his brothel license application was denied.[4]

Mr. Greer's claim that he has an interest in stopping Mr. Guinasso's "abuse [of] the legal system" (ECF 105 at 5) is at best misleading as it belies Greer's own abuse of the system to threaten and harass Plaintiffs' Counsel. The State Bar of Nevada complaints form requires thoroughness related to any allegations.[5] But Mr. Greer has failed to allege with specificity what bar violations have occurred. His Exhibit is a letter from the State Bar of Nevada in which it

---

[3] See, A Safer Nevada, https://www.asafernevada.org/contact (last visited Jan. 2022).
[4] See, *5k Needed to Overturn the Utah Brothel Bans*, Indiegogo, https://www.indiegogo.com/projects/5k-needed-to-overturn-the-utah-brothel-bans--2#/ (last visited Jan. 2022); *Greer v. Herbert*, Case No. 2:16-cv-01067 (D. Utah May. 8, 2018).
[5] *See* State Bar of Nevada, *File a Complaint Online*, https://nvbar.org/for-lawyers/ethics-discipline/file-a-complaint/complaint-online/ (last visited Jan. 2022).

11

refuses to pursue any disciplinary action. ECF 105, Exhibit A. He now appears to be attempting to use this litigation to pursue his agenda, rather than accept that his bar complaint has failed.

In several jurisdictions it is considered a violation of the Rules of Professional Conduct to threaten bar disciplinary charges in a civil case if they are filed to intimidate opposing counsel or seek advantage in a civil case.[6] While Mr. Greer is a paralegal and pro se litigant, rather than an attorney, the standard remains instructive. Mr. Greer explicitly states he has an interest in intervening so as to seek sanctions, ECF 105 at 2, and is thus abusing the legal process to justify intervening in this case and further harass Plaintiffs' Counsel.

Mr. Greer concedes that the named Defendants have not pursued sanctions but does not seem to consider that may be because there are no sanctionable actions to pursue. ECF 105 at 5. Mr. Greer's bar complaint and sanctions threats are frivolous and show him to be the type of litigant to whom permissive intervention should be denied, to avoid delaying or prejudicing the existing parties. *See PEST Comm.*, 648 F. Supp. 2d at 1214 (denying permissive intervention where adding intervenors "as parties would unnecessarily encumber the litigation").

Because Greer's intervention would adversely impact judicial economy and unduly delay this litigation, his request for permissive intervention should be denied as well.

///

///

///

---

[6] *See Threats to File Disciplinary Charges*, DC BAR, https://dcbar.org/For-Lawyers/Legal-Ethics/Ethics-Opinions-210-Present/Ethics-Opinion-220 (last visited Jan. 2022) (explaining that threatening an attorney with disciplinary charges "for the sole purpose of gaining advantage in a civil matter are a violation of the Rules of Professional Conduct"); *see also*, *Rule 5-100 Threatening Criminal, Administrative, or Disciplinary Charges*, STATE BAR OF CALIFORNIA, https://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Previous-Rules/Rule-5-100 (last visited Jan. 2022) ("A member shall not threaten to present criminal, administrative, or disciplinary charges to obtain and advantage in a civil dispute.").

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Mr. Greer's Motion to Intervene.

Dated this 10th day of January, 2022

/s/ Jason D. Guinasso
Jason D. Guinasso (SBN# 8478)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
jguinasso@hutchlegal.com

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
Pansy Watson*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com

*Admitted Pro Hac Vice
Attorneys for Plaintiffs

13

## ELECTRONIC CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 10th day of January, 2022, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR RUSSELL GREER'S MOTION TO INTERVENE [ECF 105]** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

**Defendant**

**Steve Sisolak**             represented by **Gregory Louis Zunino**
*Governor of Nevada*          Nevada State Attorney General's Office 100
                              N Carson Street
                              Carson City, NV 89701
                              775-684-1137
                              Fax: 775-684-1108
                              Email: GZunino@ag.nv.gov,
                              sgeyer@ag.nv.gov

**Defendant**
**Aaron Ford**                represented by **Gregory Louis Zunino**
*Attorney General of Nevada*  (See above for address)

**Defendant**
**The City of Las Vegas**     represented by **Jeffrey L Galliher**
                              Las Vegas City Attorney's Office
                              495 S Main Street, 6th Flr
                              Las Vegas, NV 89101
                              702-229-6629
                              Fax: 702-386-1749
                              Email: jgalliher@lasvegasnevada.gov,
                              ccorwin@lasvegasnevada.gov,
                              ckelly@lasvegasnevada.gov,
                              jandrews@lasvegasnevada.gov,
                              khansen@lasvegasnevada.gov

| | | |
|---|---|---|
| 1 | **Defendant** | |
| | **Clark County** | represented by **Joel K Browning** |
| 2 | | Clark County District Attorney Civil Division |
| | | 500 S. Grand Central Pkwy, #5075 |
| 3 | | Las Vegas, NV 89155-2215 |
| | | 702-455-4761 |
| 4 | | Fax: 702-382-5178 |
| | | Email: joel.browning@clarkcountyda.com, |
| 5 | | christine.wirt@clarkcountyda.com, |
| | | Tawana.Thomas@clarkcountyda.com |

**Defendant**
**Nye County**    represented by **Brent L Ryman Erickson**
Thorpe & Swainston, Ltd.
99 W. Arroyo
P.O. Box 3559
Reno, NV 89505
775-786-3930
Fax: 775-786-4160
Email: bryman@etsreno.com,
daguirre@etsreno.com, lligouri@etsreno.com

**Defendant**
Las Vegas Bistro, LLC D/B/A
Larry Flynt's Hustler Club
   represented by **Zachary Youngsma**
c/o Deanna L. Forbush
Fox Rothschild LLP
198 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
702-262-6899
Fax: 702-597-5503
Email: dforbush@foxrothschild.com;
zach@bradshaferlaw.com

**Defendant**
Western Best Inc. D/B/A
Chicken Ranch
   represented by **Deanna L. Forbush**
Fox Rothschild LLP
198 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
702-262-6899
Fax: 702-597-5503
Email: dforbush@foxrothschild.com

**Defendant**
Western Best LLC

    Represented by **Deanna L. Forbush**
    Fox Rothschild LLP
    198 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    702-262-6899
    Fax: 702-597-5503
    Email: dforbush@foxrothschild.com

**Defendant**
SHAC, LLC d/b/a Sapphire Gentlemen's Club and/or Sapphire

    Represented by:
    Lewis Roca Rothgerber Christie LLP
    Hughes Center
    3993 Howard Hughes Parkway
    Suite 600
    Las Vegas, NV 89169-5996
    702.474.2622
    702.949.8298 (fax)
    E-mail: OBrown@lrrc.com

**Defendant**
SHAC, MT, LLC

    Represented by:
    Lewis Roca Rothgerber Christie LLP
    Hughes Center
    3993 Howard Hughes Parkway
    Suite 600
    Las Vegas, NV 89169-5996
    702.474.2622
    702.949.8298 (fax)
    E-mail: OBrown@lrrc.com

**Pro se litigant**
Russell Greer

    Represented by **Russell Greer**
    PO BOX 46602
    LAS VEGAS, NV 89114
    Email: russmark@gmail.com

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 10th day of January, 2022, **PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR RUSSELL GREER'S MOTION TO INTERVENE [ECF 105]** was electronically filed with the United States District Court. I caused service via US Mail upon the following:

**Defendant**
Jamal Rashid
Federal Correction Institution
Sheridan at 27072 SW Ballston Rd.
Sheridan, OR 97378
(Inmate #45040-509)

**Defendant**
Mally Mall Music, LLC
Attn: Jamal Rashid
Federal Correction Institution Sheridan
27072 SW Ballston Rd.
Sheridan, OR 97378
(Inmate #45040-509)

**Defendant**
E.P. Sanctuary
Attn: Jamal Rashid
Federal Correction Institution Sheridan
27072 SW Ballston Rd.
Sheridan, OR 97378
(Inmate #45040-509)

**Defendant**
Blu Magic Music, LLC
Attn: Jamal Rashid
Federal Correction Institution Sheridan
27072 SW Ballston Rd.
Sheridan, OR 97378
(Inmate #45040-509)

**Defendant**
Exclusive Beauty Lounge, LLC
Attn: Jamal Rashid
Federal Correction Institution Sheridan
27072 SW Ballston Rd.
Sheridan, OR 97378
(Inmate #45040-509)

**Defendant**
First Investment Property LLC
Attn: Jamal Rashid
Federal Correction Institution Sheridan
27072 SW Ballston Rd.
Sheridan, OR 97378
(Inmate #45040-509)

**Defendant**
V.I.P Entertainment, LLC
Attn: Jazz A.
2764 N Green Valley Pkwy #400
Henderson, NV, 89014

**Defendant**
MP3 Productions, INC.,
c/o Registered Agent: Nevada Corporate Headquarters, Inc.
4730 S Fort Apache Rd, Suite 300,
Las Vegas, NV, 89147

**Defendant**
MMM Productions, INC,
Attn: Jamal Rashid
Federal Correction Instutuion
Sheridan at 27072 SW Ballston Rd.
Sheridan, OR 97378
(Inmate #45040-509)

DATED this 10th day of January, 2022

BY: /s/Bernadette Francis
An Employee of Hutchison & Steffen, PLLC