Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEVADA

| | |
|---|---|
| **ANGELA WILLIAMS et al,** an individual<br><br>  Plaintiff<br><br>v.<br><br>**STEVE SISOLAK,** Governor<br><br>  Defendant | **PROPOSED INTERVENOR RUSSELL GREER'S REPLY MOTION TO INTERVENE AS A DEFENDANT**<br><br>Case No.: 28:1343<br><br>Judge Andrew P Gordon<br><br>Magistrate Judge Cam Ferenbach |

1

Pursuant to Local Rule 7-2, Russell Greer files his Reply to Plaintiffs' Opposition Response.

## INTRODUCTION

Proposed Intervenor Greer wishes to reply to Plaintiff's Response in regards to 3 different contentions Plaintiffs made. 1. Frivolousness of the current case. 2. Greer's background. 3. Greer has a protected interest.

### 1. CURRENT CASE IS FRIVOLOUS

Plaintiffs claim that Greer can't show how this current case is frivolous, yet Greer clearly did show in his motion to intervene that the current case was frivolous. Greer showed on page 3 of his Motion to Intervene that Counsel Guinasso has brought forward a case in someway each year, whether it's a court case or a ballot drive, in a zealous effort to shut down brothels. It's frivolous because Plaintiffs are clearly disregarding the doctrine of res judicata and other basic principles to stop litigants from filing multiple suits, terms that Guinasso should be well aware of. In fact, Counselor Guinasso has even told the news he's "not persuaded" by the 2019 case that he lost, a case that pretty much mirrors the present one. *Former Sex Workers Sue Nevada in Effort to Stop Sex Trafficking* Fox Reno (2021). However, that's not how the court system works. We don't keep suing because we aren't happy with the first result and hope that a different judge rules differently.

Secondly, the current case is frivolous because it contradicts FRCP Rule 11 because Plaintiffs have no evidence that trafficking occurs in brothels. The only brothel involved in this litigation denies any sex trafficking. But with no evidence to flimsy evidence, Mr. Guinasso has put his signature on the Complaint declaring that all the facts are true, when they are not.

Third, the current case is frivolous because the voters in counties where brothels are legal voted to keep brothels legal. Not by a small margin, but by an 80 to 20 percent margin. *Lyon*

2

*County Final Vote Tally.* Reno Gazette Journal. *(*2018).

(https://www.google.com/amp/s/amp.rgj.com/amp/1920532002). The people of those counties have spoken. They used their vote to speak against Guinasso, who led the movement to outlaw Lyon County brothels. Any attempt to rule against that vote would be violating the will of the people. See fascinating article about how courts tend to not step on popular opinion. *How Public Opinion Constrains the U.S. Supreme Court.* Cornell University. (2011).

(https://gvpt.umd.edu/sites/gvpt.umd.edu/files/pubs/Casillas,%20Enns,%20&%20Wohlfarth%202011%20AJPS.pdf).

   Lastly, the current case is frivolous because other researchers on sex work have openly stated that Mr. Guinasso lacks evidence to support his arguments, which goes back to violating Rule 11. Alyssa Lennon, a student researcher at the University of Maryland, wrote: "Guinasso **relies not on statistics or research to support his claims, but on an ethical argument** regarding the status of women and the possible implications of sex work on society. While policy debate does have room for discussions of morality and immorality, resting the entire argument on subjective moral grounds ignores the realities of sex work and could place both voluntary sex workers and sex trafficking victims in greater danger." *Can Altering US Prostitution Law Decrease Sex Trafficking and Promote the Well-Being of Sex Workers?* University of Maryland (Spring 2020). The Courtroom is not the place for a policy debate, which again shows why the current case is frivolous.

   Plaintiff stands by his assertion that the current case is frivolous and reporting to the state bar was done in good faith.

## 2. GREER'S BACKGROUND

   Plaintiffs bring up Greer's background, in an attempt to portray him in an unsavory manner, but their response does nothing to discredit Greer except to show that Greer is an advocate for sex workers and for sex work in general. This background only shows why Greer should be

3

allowed to join the case because it shows he has an interest in preserving the current brothel system in Nevada.

Again, none of the current defendants can represent him. Chicken Ranch can't represent him because he has never patronized there.

And even if the government entities can represent Greer's interests, it is good to have what Plaintiffs refer to as a "sex buyer" in this case since the "sex buyer" seems to be what Plaintiffs are bent on demonizing. Greer can offer his first-hand accounts to not only refute the outlandish "sex slavery" claims Plaintiffs make, but to swear upon first hand experiences that all relationships in brothels have been consensual. In fact, many sex workers in brothels have turned Greer down. This is commonly called "upselling". They quote prices too high for clients they don't want to see. It's the polite way of declining somebody. Now think of that: if sex slavery was really occurring in Nevada brothels, would these women have the right to decline people? Consent seems to be a foreign concept that Plaintiffs blissfully ignore. Plaintiffs are attempting to mislead this Court and that is why Greer wishes to intervene to stomp out the lies being sold to this Court and to offer his real life experiences as a disabled man that a government or a business entity can't offer.

### 3.  PROTECTED INTEREST

Plaintiffs seem to put themselves into a weird quandary. In their Response, they define a significant protectable interest as being protectable under some law, yet they seem to downplay the law that gives Greer the protectable interest. (Plaintiffs' Doc 124, Page 5). The law in question is NRS 244.345, which allows counties under 700,000 people to have "houses of prostitution". (https://www.leg.state.nv.us/nrs/NRS-244.html#NRS244Sec345). Naturally, people go to brothels, thus giving them a legally protectable right. In fact, since brothels are legal, they are considered a public accommodation. NRS 651.050(3)(O). ("Any establishment physically containing or contained within any of the establishments described in paragraphs (a)

4

to (n), inclusive, which holds itself out as serving patrons of the described establishment."). NRS 651.070 states that all persons are entitled to goods and services in said public accommodations. Since the services are paying another adult for sex, Greer has a protectable interest because the law gives him that right.

This right is just as much of a right as one has to go into a marijuana dispensary and purchase marijuana. This is the same right one has to go into a casino and gamble. This is the same right one has to go into a bar and consume a beverage that will get them intoxicated. These activities are ones Mr. Guinasso and Plaintiffs may also find taboo, but it doesn't make them less of a right because he or his plaintiffs disagree with them.

So the argument is moot. The law gives Greer a protectable interest in paying other adults for sex. Since Plaintiffs are bent on demonizing the "sex buyer", Defendant Greer wishes to join to show that there is nothing wrong with being a sex buyer and to protect his rights to buy sex.

## CONCLUSION

For the foregoing reasons, Greer respectfully requests that the Court grant Greer's request to intervene as of right pursuant to FRCP 24(a) or, in the alternative, permit Greer to intervene pursuant to FRCP 24(b).

Respectfully

DATED: January 18th, 2022.

Respectfully submitted,

By: *(signature)*

Russell Greer
Pro Se Litigant
/rgreer/

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **REPLY TO INTERVENE AS A DEFENDANT**, with the Clerk of the Court by using email.

I certify that the following participants in this case are registered electronic filing systems users and will be served electronically.