STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **JOEL K. BROWNING**
Deputy District Attorney
State Bar No. 014489
500 South Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155-2215
Telephone (702) 455-4761
Fax (702) 382-5178
E-Mail: Joel.Browning@ClarkCountyDA.com
Attorneys for Defendant
Clark County

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS; JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE SISOLAK; Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; THE CITY OF LAS VEGAS; CLARK COUNTY; NYE COUNTY; CHICKEN RANCH; JAMAL RASHID; MALLY MALL MUSIC, LLC, FUTURE MUSIC, LLC, PF SOCIAL MEDIA MANAGEMENT, LLC, E.P. SANCTUARY BLUE MAGIC MUSIC, LLC, EXCLUSIVE BEAUTY LOUNGE, LLC, FIRST INVESTMENT PROPERTY LLC, V.I.P. ENTERTAINMENT, LLC, MP3 PRODUCTIONS, INC., & MMM PRODUCTIONS, INC.,<br><br>Defendant. | Case No: 2:21-cv-01676-APG-VCF<br><br>**DEFENDANT CLARK COUNTY'S OBJECTION TO PLAINTIFFS' ERRATA [ECF NOS. 161, 162, 163] AND MOTION TO STRIKE THE SAME** |

COMES NOW, Defendant CLARK COUNTY (hereinafter "Clark County" or "Defendant"), through its attorney, STEVEN B. WOLFSON, District Attorney, by JOEL K. BROWNING, Deputy District Attorney, and objects to Plaintiffs' Errata [ECF Nos. 161, 162, and 163] and hereby moves the Honorable Court to Strike the same.

This Motion is based upon all the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and the oral arguments of counsel at the time of the hearing in this matter, if any.

DATED this 5th day of May, 2022.

STEVEN B. WOLFSON<br>
DISTRICT ATTORNEY

By: /s/ *Joel K. Browning*
JOEL K. BROWNING
Deputy District Attorney
State Bar No. 014489
500 South Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155-2215
Attorneys for Defendant
Clark County

**EMORANDUM AND POINTS OF AUTHORITIES**

**I.**

**RELEVANT FACTS AND NATURE OF OBJECTION AND MOTION**

***Relevant Procedural Posture***

On or around November 16, 2021, Defendant Clark County filed a Motion to Strike Plaintiffs' First Amended Complaint for Misjoinder or Motion to Dismiss Plaintiffs' First Amended Complaint, in the Alternative. [ECF No. 53]. Defendant State of Nevada filed a Joinder [ECF No. 58] to this Motion [ECF No. 53] on or around November 23, 2021. Defendant City of Las Vegas and Defendant Nye County also filed Joinders [ECF Nos. 69, 71] on or around November 24, 2021.

Plaintiffs filed a Response [ECF No. 82] to the above-referenced Motion [ECF No. 53] and Joinders [ECF Nos. 58, 69, 71] on or around December 10, 2021. Plaintiffs' Response [ECF No. 82] did not request a hearing. *See generally* [ECF No. 82]. No separate requests for a hearing were ever filed with the Court. *See generally* Docket in Case No. 2:21-cv-01676-APG-VCF.

On May 3, 2022, 169 days after Defendant Clark County filed its Motion [ECF No. 53] and 145 days after Plaintiffs filed their Response [ECF No. 82], Plaintiffs filed an Errata with the Court on or around May 3, 2022, and represented that:

> **Below the title of the document on the first page of their Opposition, the words "ORAL ARGUMENT REQUESTED" were inadvertently omitted and should have been noted.**

[ECF No. 163] at 2:10-12 (emphasis in original).

Plaintiffs similarly filed a Response [ECF No. 127] to Defendant Chicken Ranch's Motion to Dismiss [ECF No. 98] on or around January 20, 2022. Plaintiffs also filed a Response [ECF No. 146] to Defendant Shac, LLC's Motion to Dismiss on or around March 7, 2022. [ECF No. 133]. Neither of these Responses requested a hearing. [ECF Nos. 127, 146]. Plaintiffs never filed a separate request for a hearing with the Court thereafter. *See generally* Docket in Case No. 2:21-cv-01676-APG-VCF. Plaintiffs filed Errata [ECF Nos. 161, 162] to these Responses alleging that they too inadvertently omitted language requesting a hearing. *See generally* [ECF Nos. 161, 162].

### *Communications between Parties Regarding Stipulation for a Hearing*

On or around April 12, 2022, Plaintiffs' counsel reached out to counsel for the Parties inquiring whether the "parties would be agreeable to stipulating to request a hearing wherein all motions could be heard on the same hearing date or if necessary, back-to-back days." *See* E-mail Correspondence between Counsel for All Parties, attached hereto as **Exhibit A**.

Notably, counsel for Defendant Clark County, Defendant State of Nevada, and the Western Best Defendants did not believe that a hearing was necessary and declined to stipulate to a hearing on the pending Motions. *See* **Exhibit A**. Defendant Clark County objected because "most of the motions have already been filed with the court for several months <u>and any belated hearing at this juncture may only serve to further delay a formal response on the motions from the court</u>." *Id.* (emphasis added).

Plaintiffs filed their Errata [ECF Nos. 161, 162, and 163] with the court approximately one month after their attempts to obtain a stipulation to request a hearing were rebuffed.

///

### *Nature of Objection and Motion to Strike*

Local Rule 78-1 provides that any "party making or opposing a motion who believes oral argument may assist the court and wishes to be heard may request a hearing by inserting the words ORAL ARGUMENT REQUESTED below the title of the document on the first page of the motion or response. Parties **must not file separate motions** requesting a hearing." *See* LR 78-1 (emphasis added).

Regardless of whether Plaintiffs' failure to include this language on their various Responses was the result of inadvertence or ignorance of the Local Rules, omission of this language is not a clerical error that impacts the Court's ability to substantively rule on the underlying motions.

Plaintiffs' counsel did not represent that a request for a hearing was inadvertently omitted from Plaintiffs' Motions when he reached out on or around April 13, 2022, to counsel for the Parties and requested that they stipulate to holding a hearing on these motions. The fact that Plaintiffs have now attempted to obtain a hearing on these motions by filing Errata [ECF Nos. 161, 162, and 163] after their attempts to obtain a stipulation from the parties about a hearing were rebuffed appears to be nothing by an attempt to circumvent the adversarial process by modifying their existing Responses in a way that forestalls opposition and circumvents the court rules prohibiting motions to request oral arguments.

The purposes of errata filed with the Court are strictly for the purposes of "address[ing] clerical errors." *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). "Notices of errata to clarify clerical errors are substantively different from attempts" to submit supplemental arguments before the Court. *Id*.

Plaintiffs' attempt to seek a hearing 6 months after their Response [ECF No. 82] to Defendant's Motion [ECF No. 53] was initially filed is an improper use of a notice of errata and the Court should strike these Errata and decide the motions without oral argument as per the custom and practice of the District Court for the District of Nevada when no hearing is initially requested.

/ / /

## II.
## LEGAL STANDARD

Courts have the inherent powers to control their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This power is to ensure that the courts may "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket […]." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012). "Such power is indispensable to the court's ability to enforce its orders [and] manage its docket [...]" *Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012). A Court's exercise of this inherent authority to manage its docket will not be disturbed absent an abuse of discretion.

## III.
## LEGAL ARGUMENT

A. **Plaintiffs Failed to Timely Comply with Local Rule 78-1**

Local Rule 78-1 provides that:

> All motions may be considered and decided with or without a hearing. Any party making or opposing a motion who believes oral argument may assist the court and wishes to be heard may request a hearing **by inserting the words ORAL ARGUMENT REQUESTED below the title of the document on the first page of the motion or response**. Parties must not file separate motions requesting a hearing.

*See* Local Rule 78-1 (emphasis added).

Plaintiffs filed their Response [ECF No. 82] to Defendant's Motion [ECF No. 53] 145 days (nearly 5 months) ago on or around December 10, 2021. *See* [ECF No. 82]. Plaintiffs did not include the language "ORAL ARGUMENT REQUESTED" in their Response as required under the Local Rules of Practice for the United States District Court for the District of Nevada. *See*, *e.g.*, LR 78-1.

///

///

The Local Rules clearly provide that motions may be decided with or without oral arguments—the implication being that a request for a hearing is not intended to be granted to a party as a matter of right, but rather at the court's discretion. *See* LR 78-1. In this regard, the Court's decision to grant or deny a request for oral argument falls within the inherent discretionary and/or equitable powers of the Court.

As Plaintiffs have slept on their rights for nearly five months without seeking to remedy an alleged oversight in their Response [ECF No. 82], they should not now be entitled to oral arguments on the pending motions to dismiss and, accordingly, the Court should strike their Errata and deny the request for a hearing.

B. **A Hearing is Not Necessary to Resolve the Issues in this Case and the Court should Exercise its Discretion and Issue an Order on the Motions and other Filings Alone**

Plaintiffs belated Errata [ECF Nos. 161, 162, and 163] filed with the Court on or around May 3, 2022, would seem to indicate that the Plaintiffs believe the Court could benefit from oral argument on the issues before it in the pending motions to dismiss.

The reality, however, is that the issues in Defendant Clark County's Motion to Strike or Motion to Dismiss in the Alternative [ECF No. 53] and Plaintiffs' Response [ECF No. 82] are being reviewed under a motion to strike and/or a motion to dismiss standard which means that the Court is obligated to review Plaintiffs' First Amended Complaint's procedural sufficiency on its face and/or to take the allegations in Plaintiffs' Complaint as true to determine whether they state a plausible claim for relief.

If Plaintiffs feel that their pleadings are not sufficient to survive the challenges proffered by the various Defendants under a 12(b) standard then the proper course of action for them would be to seek leave to amend the complaint to address procedural deficiencies and/or state a plausible claim or, in the alternative, withdraw their complaint entirely.

There are no issues of material fact, no factual issues requiring expert opinion or explanation, and no additional evidence that can even be considered by the Court in rendering an opinion on the pending motions as they are being reviewed entirely under a 12(b) standard

of dismissal. Accordingly, the Court does not need to hear from the parties on the pending motions to dismiss and should exercise its discretion to strike Plaintiffs' Errata and [ECF Nos. 161, 162, and 163] and rule on the pending motions to dismiss without oral arguments.

### C. A Failure to Request a Hearing on Three Separate Responses over the Course of Five Months is not a Clerical Error to be Cured by Errata

"An 'errata' is usually filed to show that there was a clerical error in a filing." *Entsminger v. Aranas*, No. 316CV00555MMDWGC, 2020 WL 4904626, at *2–3 (D. Nev. Aug. 20, 2020) (emphasis added) (citing Merriam-Webster Dictionary which defined "errata" as "a list of errors in a printed work discovered after printing and shown with corrections."). Where a document does more than correct existing errors in the text—it ceases to be an errata. *Id*. "Notices of errata to clarify clerical errors are substantively different from attempts to [put] supplemental" information or requests for relief before the court. *See*, *e.g.*, *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007).

> Black's Law Dictionary defines "clerical error" in relevant part as follows:
>> An error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination; esp., a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading. • **Among the numberless possible examples of clerical errors are omitting an appendix from a document; typing an incorrect number; mis-transcribing or omitting an obviously needed word; and failing to log a call**.

*Black's Law Dictionary* 659 (10th ed. 2014) (emphasis added).

Failure to request oral argument in accordance with the Local Rules on three separate Responses over the course of several months is not a clerical error—it is merely a failure by Plaintiffs to avail themselves of an opportunity provided under the rules. A party cannot file an action after the statute of limitations has lapsed or serve an untimely response to a motion. Once the timeline for something prescribed under the rules has passed, it should be effectively understood that the opportunity to avail oneself of that remedy or opportunity has also passed. LR 78-1, by prohibiting subsequent requests for hearings by motion after a motion or response is filed, seems to indicate that it does not want to encourage parties to burden the court's docket

with motions and unnecessary motion work when parties have failed to properly request a hearing in their initial filing with the court. *See*, *e.g.*, LR 78-1 ("Parties must not file separate motions requesting a hearing.").

The fact that Plaintiffs filed three Responses without requesting oral argument, did not seek to file an errata shortly after the filing of those Responses, and only now seeks to file these Errata after the parties declined to stipulate to a request for oral argument to the Court should serve as some indication that the failure to request a hearing is not a clerical error but rather a failure by Plaintiffs to avail themselves of a right granted by the local rules and a belated attempt to circumvent those same rules which prohibit a request for oral argument by motion.

Accordingly, Defendant Clark County objects to Plaintiffs' Errata [ECF Nos. 161, 162, and 163] and humbly requests the Court strike them from the docket.

### D. **Defendants will be Prejudiced if the Court Grants a Hearing at the late Date as it will Only Delay a Final Determination from the Court on their Orders.**

As the Court is likely aware from reading Defendant Clark County's Motion to Strike or Motion to Dismiss in the Alternative [ECF No. 53], it is the County's position that the allegations in Plaintiffs' First Amended Complaint against Defendant Clark County and the other government defendants are frivolous and not maintained on reasonable ground. As Defendant Clark County is not a proper party to this suit and the allegations against it are baseless, Defendant Clark County seeks the most expeditious resolution to this matter possible.

Had Plaintiffs requested oral arguments in November or December of last year, Clark County may well have considered stipulating to a request for oral arguments and hearing on the motions. Now, however, after 7 months have elapsed since Clark County was first brought into this case, the County is eager to be dismissed without further delay. It is upon information and belief that the Court, after having Defendant's Motion [ECF No. 53] and Plaintiffs' Response [ECF No. 82] for 6 months now, has made substantial progress on preparing an

order regarding the relief requested therein by reviewing the motion and other filings as is the custom and practice of the District Court for the District of Nevada.

If the Court were to now schedule oral arguments on these pending motions, a final ruling on the motions will only be inevitably delayed thereby prejudicing Defendant Clark County by forcing it to continue to devote resources to this case long after it should have already been dismissed.

## IV.
## **CONCLUSION**

Based on the foregoing, Defendant Clark County objects to Plaintiffs' Errata [ECF Nos. 161, 162, and 163] and requests the Court strike the same from the record and rule on the pending motions to dismiss without oral argument.

DATED this 5th day of May, 2022.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

By: /s/ Joel K. Browning
JOEL K. BROWNING
Deputy District Attorney
State Bar No. 014489
500 South Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155-2215
Attorneys for Defendant
Clark County

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 5th day of May, 2022, I served a true and correct copy of the foregoing **DEFENDANT CLARK COUNTY'S OBJECTION TO PLAINTIFFS' ERRATA [ECF NOS. 161, 162, 163] AND MOTION TO STRIKE THE SAME** (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients. Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

| | |
|---|---|
| Jason D. Guinasso, Esq.<br>HUTCHISON & STEFFEN, PLLC<br>5371 Kietzke Lane<br>Reno, Nevada 89511<br>jguinasso@hutchlegal.com<br>and<br>Benjamin W. Bull, Esq.<br>Pater A. Gentala, Esq.<br>Dani Bianculli Pinter, Esq.<br>Christen M. Price, Esq.<br>Pansy Watson, Esq.<br>NATIONAL CENTER ON SEXUAL EXPLOITATION<br>1201 F Street, NW Suite 200<br>Washington, DC 20004<br>*Attorney for Plaintiffs*<br>ANGELA WILLIAMS, ET AL<br>lawcenter@ncose.com | Jeffrey L. Galliher, Deputy City Attorney.<br>CITY OF LAS VEGAS<br>City Attorney's Office<br>495 S. Main Street, 6th Floor<br>Las Vegas, Nevada 89101<br>*Attorney for Defendant*<br>CITY OF LAS VEGAS<br>jgalliher@lasvegasnevada.gov |
| | Paul M. Bertone, Esq.<br>Brent L. Ryman, Esq.<br>ERICKSON THORPE & SWAINSTON LTD.<br>1885 South Arlington Ave, #205<br>Reno, Nevada 89509<br>*Attorney for Defendant*<br>NYE COUNTY<br>pbertone@etsreno.com<br>bryman@etsreno.com |
| Aaron Ford, Attorney General<br>Gregory L. Zunino, Deputy Attorney General<br>NEVADA STATE ATTORNEY GENERAL'S OFFICE<br>100 N. Carson Street<br>Carson City, Nevada 89701<br>*Attorneys for Defendant*<br>STATE OF NEVADA<br>gzunino@ag.nv.gov<br>sgeyer@agnv.gov | Ogonna M. Brown, Esq.<br>LEWIS ROCA OTHGERBER CHRISTIE, LLP<br>3993 Howard Hughes Parkway,<br>Las Vegas, Nevada 89169<br>*Attorneys for Defendants*<br>SHAC, LLC and SHAC MT LLC<br>OBrown@lewisroca.com |

/ / /

/ / /

/ / /

**CERTIFICATE OF SERVICE – CONTINUED FROM ABOVE**

| | |
|---|---|
| Deanna L. Forbush, Esq.<br>Rex D. Garner, Esq.<br>John M. Orr, Esq.<br>FOX ROTHSCHILD LLP<br>1980 Festival Plaza Drive, # 700<br>Las Vegas, Nevada  89135<br>*Attorneys for Defendants*<br>WESTERN BEST, LLC and WESTERN BEST, INC., DBA CHICKEN RANCH<br>dforbush@foxrothschild.com<br>rgarner@foxrothschild.com<br>jorrr@foxrothschild.com<br><br>Russell G. Greer<br>Intervenor/Pro Se<br>PO Box 46602<br>Las Vegas, Nevada 89114<br>russmark@gmail.com | Zachary M. Youngsma<br>c/o Deanna L. Forbush, Esq.<br>FOX ROTHSCHILD, LLP<br>1980 Festival Plaza Drive, #700<br>Las Vegas, Nevada  89135<br>*Attorney of Defendants*<br>LAS VEGAS BISTRO, LLC<br>dba LARRY FLYNT'S HUSTLE CLUB<br>dforbusy@foxrothschild.com<br>zach@bradshaferlaw.com |

*/s/ Tawana T. Thomas*
An Employee of the Clark County District