Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF NEVADA

---

| | |
|---|---|
| **ANGELA WILLIAMS et al,** an individual | **PROPOSED INTERVENOR RUSSELL GREER'S MOTION FOR RECONSIDERATION TO INTERVENE AS A DEFENDANT PER FRCP 60(b)(1)** |
| Plaintiff | |
| v. | Case No.: 28:1343 |
| **STEVE SISOLAK,** Governor | |
| Defendant | Judge Andrew P Gordon |
| | Magistrate Judge Cam Ferenbach |

Pursuant to FRCP 60(b)(1), Russell Greer files his Motion for Reconsideration. He further requests to be allowed to attend the scheduled November hearing.

## INTRODUCTION

This Court entered an order granting most of defendants' motions to dismiss and denying Greer's motion to intervene, July 18th, 2022 . In the Court's Order, the Court stated that Greer's interests could be represented by the State and that by the State being able to represent Greer's interests, the State is also able to bring forth motions for sanctions for frivolous actions. This Court, however, has not been aware of new information that Greer, due to his excusable neglect, just remembered and failed to bring up in a supplemental brief before the July Order. This new information would help the Court reconsider allowing Greer to intervene as a permissive intervenor and allow sanctions to be brought against Guinasso and so Greer brings his Motion under a Rule 60(b)(1) motion.

Greer asks that he would be allowed to attend the planned November hearing to argue why sanctions should be brought against Mr. Guinasso.

## 1. DECEMBER 2021 Email

Late last year, on the second to last day of December 2021, Greer emailed Greg Zunio of the State and asked him why the State wasn't bringing forth sanctions against Guinasso. Zunio replied on 1-1-22 and stated that Guinasso made interesting arguments and said along the lines the State wouldn't pursue sanctions. Because Greer is unclear whether Zunio considers his email to Greer private and privileged, Greer will just share images of his reply to Zunio. Greer replied the same day and said, "

"The Courtroom is not the place to make policy arguments, especially when the same plaintiff was found to not have standing in 2019. Unless I'm missing something, she hasn't engaged in sex work since the last time she filed a lawsuit so no new harms suffered. Also, I have news paper evidence of Guinasso saying he didn't agree with the last court ruling and so he essentially was filing this as a do-over. Too bad the doctrine of res judicata disagrees with him and I can just

use his statement as Mr. Guinasso just being obsessed rather than representing any legitimate claims, although they may be interesting.

"Also, although you call it political, it's blatantly frivolous because One can't reasonably say a legal activity encourages other separate illegal activity. With that argument, we may as well ban legal marijuana because other people suffer from opioid addiction. Or we must ban all guns because a select percentage of the population uses weapons for mass shootings.

"Best argument I made to Guinasso personally in an email was he's a pastor. I'm not religious. One could easily say religious donations amount to fraud because a clerical member can't prove 100 percent that God exists. So should we ban churches because a few pastors have ran off with their members tithes or used them to buy fancy homes? A church ban wouldn't be violating the first amendment. Using the Reynolds test for religious cases, the Supreme Court in Reynolds v. United States (1879), held that the government cannot interfere with a person's religious beliefs, **except** when a religious practice violates certain notions of health, safety, and morality. So running a church is not a religious belief. A person can believe in God without a church. One could easily say that churches funnel tithes into other activities not religious and thus are fraudulent. Case in point: my former religion, the LDS (Mormon) church. Major criticism is that a church shouldn't have a billion dollars in reserve funds.

"So The argument that we must ban legal conduct because of resulting separate illegal conduct  just leads to so many slippery slopes. The best solution is we do what we do in any profession: revoke the license of a bad apple who is doing illegal things.

"So if the Chicken Ranch (Best Western LLC) did indeed traffick the woman, revoke their license. But don't punish other law abiding businesses." EXHIBIT A.

Greer failed to bring forth this email exchange or share that the State wasn't interested in bringing sanctions, due to Greer's excusable neglect.

2. **Reconsideration Should Be Allowed for Greer to Permissively Intervene Based on the 1-1-22 Email**

Under Rule 24(b). FED. R. CIV. P. 24(b). "[T]he court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). Further, as discussed above, Proposed Intervenor's interest is no longer "adequately represented

by other parties." *Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co. (NOPSI),* 732 F.2d 452, 463 (5th Cir. 1984) (en banc) at 472.

    Since Counsel for the State has stated that he did not wish to seek sanctions against Guinasso, and this is evidenced by no motions being filed, Greer seeks for his Motion to be reconsidered under a Rule 60(b)(1) motion because Greer made the mistake and was neglectful in failing to inform the Court of Zunio not having an interest in pursuing sanctions, despite the actions of Guinasso being blatantly frivolous.

    Allowing Greer to intervene would not prejudice the parties because the case has been dismissed and since it has been dismissed, because this is the second time Guinasso has brought a similar frivolous lawsuit, deciding a motion for sanctions would be routine, as most lawyers, etc, file post-trial motions seeking fees, sanctions, etc, and so allowing Greer to file such a motion would not prejudice anyone, as it would be in the normal course of post-trial conduct of deciding similar motions.

    **3.**  <u>**Reconsideration is in the interest of Justice**</u>

    A Rule 60(b) motion "gives the court a 'grand reservoir of equitable power to do justice in a particular case'." *Pierce v. Cook & Co. Inc.,* 518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976), quoting *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir. 1963).

    There is more to this case than meets the eye. As stated many times previously, this case isn't a typical case where a plaintiff suffers a concrete injury. No, this case is a long line of litigation that lawyer Guinasso has brought forth against the legal prostitution trade. Instead of being a normal human being and ignoring practices he disagrees with (as a pastor, Guinasso surely enjoys this same freedom without worrying about atheists seeking to shut his church down), Mr. Guinasso has signed his name on a Complaint that resembled the 2019 complaint and yet again, his complaint was tossed out. The only signs of any trafficking involved a Jane Doe, where to be

honest, the findings in that are highly questionable. And her alleged trafficking dealt with a private company.

By Guinasso continuing to find random Jane Does on the street and having them be apart of his convoluted scheme to shut down legal prostitution, Guinasso puts the livelihood of women and people who h hold legitimate occupations, e.g. they have to undergo background checks and hold licenses like any other job to have that job, at risk, all because Guinasso morally disagrees with prostitution. Brothels mean so much to the women who work in them.

Last month, a sex worker in Nye County told Greer that she feels more safe at her brothel than she does at her home in Vegas. Maybe she was exaggerating as part of her job. Maybe she was being truthful. Who knows. But it was her truth. However, the point is: for Mr. Guinasso to continue to put his name on these Complaints, and for the Courts to continue to toss them out, it shows Guinasso is in violation of FRCP 11 by continuing to push forward complaints that have no merit. When a complaint lacks merit, in fact and in law, as seen twice in these cases, that is frivolous, per the Supreme Court. *Neitze v, Williams,* 490 U.S. 319, 325 (1989). It could also be argued that Guinasso is filing these cases to strongmen and intimidate the State and the County to fold and not defend the laws. Further, Greer would argue that Guinasso is filing these lawsuits to harass any sexual oriented business, as seen by including strip clubs in his Complaint

It is Mr. Zunio's choice to not bring forth sanctions. However, by not bringing sanctions, this behavior goes unpunished. Lawyers have been disbarred for bringing forth more meritorious claims, like the video game lawyer in Florida. Greer guarantees that Guinasso will bring forth another legal challenge in another year or two. It would be forgivable if Guinasso was just mistaken and uninformed. But as can be seen: Guinasso has a delusion and a disagreement over prostitution, which dates back to 2018, and he is thus abusing the system by bringing forth claims with little evidence. Pro se litigants can be sanctioned for frivolous claims. So why is

Guinasso untouchable? The claims are clearly frivolous because this is the second time his same-styled complaint was tossed.

This Court should reconsider and allow Greer to permissive intervene because the State won't do the right thing and seek sanctions against Guinasso. A hearing on sanctions will hopefully help Guinasso realize that his behavior is wasting Court resources and also: these claims cause fear in people who are engaged in legal, subjectively immoral, conduct. Immorality is indeed subjective and is not a basis for outlawing conduct, per *Lawerence v. Texas (2003)*. And as can be seen in the 1-1-22 email to the State lawyer, the courtroom is not the place for a policy discussion. Guinasso had his chance at a policy debate in 2018 by managing to convince the Lyon County Commission to hold an advisory vote and then the voters voted by an 80 to 20 margin to keep brothels legal.

Greer seeks to intervene to file a motion for sanctions that would allow Greer to collect fees against Angela Williams, per Nev. Rev. Stat. § 18.010(2)(b) (when the court finds that the claim…was brought or maintained without reasonable ground) and a declaratory order that Guinasso is bringing forth frivolous lawsuits so that Greer can take that order to the Nevada State Bar.


It is time for Guinasso to stop abusing the legal system and the court needs to do something. Zunio may find such arguments interesting. But to Greer and many others, these frivolous suits cause apprehension, distress and arguably would cause more damages if an appeals court were to grant Guinasso's relief than the plaintiffs of this case have suffered, which Guinasso is now arming himself for an appeals battle because he…just…won't…stop.

## **CONCLUSION**

For the foregoing reasons, Greer respectfully requests that the Court grant Greer's motion to reconsider based on Greer's mistake and excusable neglect of failing to inform the Court of the state not wishing to pursue sanctions.

Respectfully

DATED:  October 15th, 2022.

Respectfully submitted,

By:

Russell Greer
Pro Se Litigant
/rgreer/

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing  **MOTION FOR RECONSIDERATION  TO INTERVENE AS A DEFENDANT**, with the Clerk of the Court by using email.

I certify that the following participants in this case are registered electronic filing systems users and will be served electronically.

**EXHIBIT A**





However, the Courtroom is not the place to make policy arguments, especially when the same plaintiff was found to not have standing in 2019. Unless I'm missing something, she hasn't engaged in sex work since the last time she filed a lawsuit so no new harms suffered. Also, I have news paper evidence of Guinasso saying he didn't agree with the last court ruling and so he essentially was filing this as a do-over. Too bad the doctrine of res judicata disagrees with him and I can just use his statement as Mr. Guinasso just being obsessed rather than representing any legitimate claims,