Jason D. Guinasso (SBN# 8478)
HUTCHSON & STEFFEN PLLC
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
*jguinasso@hutchlegal.com*

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
NATIONAL CENTER ON SEXUAL
EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
*lawcenter@ncose.com*

*Admitted Pro Hac Vice
Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS; JANE DOE #1; JANE DOE#2<br><br>Plaintiffs,<br><br>v.<br><br>STEVE SISOLAK, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; THE CITY OF LAS VEGAS; CLARK COUNTY; NYE COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST LLC; JAMAL RASHID; MALLY MALL MUSIC, LLC; FUTURE MUSIC, LLC; PF SOCIAL MEDIA MANAGEMENT, LLC; E.P. SANCTUARY; BLU MAGIC MUSIC, LLC; EXCLUSIVE BEAUTY LOUNGE, LLC; FIRST INVESTMENT PROPERTY LLC; V.I.P. | Case No. 2:21-cv-01676<br><br>**PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR RUSSELL GREER'S MOTION FOR RECONSIDERATION TO INTERVENE [ECF 182]** |

| | |
|---|---|
| 1 | ENTERTAINMENT, LLC, MP3 PRODUCTIONS, INC., & MMM |
| 2 | PRODUCTIONS, INC.; SHAC, LLC D/B/A SAPPHIRE GENTLEMAN'S CLUB AND/OR |
| 3 | SAPPHIRE; SHAC MT, LLC; and LAS VEGAS BISTRO, LLC D/B/A LARRY |
| 4 | FLYNT'S HUSTLER CLUB; |
| 5 | Defendants. |

Plaintiffs Angela Williams, Jane Doe #1, and Jane Doe #2 by and through their counsel of record, hereby file this Opposition to Proposed Intervenor Russell Greer's Motion for Reconsideration to Intervene [ECF 182]. This Opposition is made and based upon the attached Memorandum of Points and Authorities.

DATED this 25th day of October, 2022.

/s/ Jason D. Guinasso
Jason D. Guinasso (SBN# 8478)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
jguinasso@hutchlegal.com

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com
*Admitted Pro Hac Vice
Attorneys for Plaintiffs

2

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **INTRODUCTION** |
| 3 | On Dec. 27, 2021, Russell Greer filed a motion to intervene as a Defendant based on his |
| 4 | status as a sex buyer (ECF 105) in a case that was originally filed on September 10, 2021, ECF |
| 5 | 1, with the first amended complaint filed on Nov. 10, 2021, ECF 49. Plaintiffs Angela Williams, |
| 6 | Jane Doe #1, and Jane Doe #2 have alleged that the defendants cooperated together to maintain |
| 7 | and profit from a legalized prostitution system, and that Plaintiffs were sex trafficked due to that |
| 8 | system, in violation of federal laws against sex trafficking. *See* ECF 49 at ¶¶ 1-9. |
| 9 | On July 18, 2022, this Court denied Mr. Greer's Motion to Intervene. *See* ECF 171. In |
| 10 | so ruling, this Court concluded that his "interests are adequately represented by the existing |
| 11 | parties." *Id.* at pp. 17. This Court further ruled that "the existing parties have identical interests |
| 12 | in Nevada's system of legal prostitution and in guarding against frivolous lawsuits." *Id.* at pp.17- |
| 13 | 18. Yet, this Court expressly qualified this statement by stating, "This analysis is not to be |
| 14 | understood as implying that the plaintiffs' claims are frivolous. *Id.* at pp. 18 n.12. |
| 15 | On Oct. 17, 2022, Mr. Greer filed a motion for reconsideration pursuant to Fed. R. Civ. |
| 16 | P. 60(b)(1). *See* ECF 182. In this motion, Mr. Greer's predominant argument is that he "just |
| 17 | remembered" new information that he "failed to bring up in a supplemental brief before the July |
| 18 | Order." *See* ECF 182 at pp. 2. Mr. Greer cites an email that he had with Mr. Zunino, *id.* at pp. |
| 19 | 2-3, but this Court should immediately see that the email contains nothing that would permit |
| 20 | intervention. In fact, Mr. Greer states—with hearsay—that Mr. Zunino "said along the lines the |
| 21 | State wouldn't pursue sanctions." *Id.* at pp. 2. It should be ***emphasized*** that the quoted email |
| 22 | ***does not say that Mr. Zunino will never move for sanctions.*** *Id.* at pp. 2-3. |
| 23 | /// |
| 24 | /// |

Yet, without any evidence of Mr. Zunino's statement, Mr. Greer's Motion for Reconsideration goes on to argue:

> Since Counsel for the State has stated that he did not wish to seek sanctions against Mr. Guinasso [again, this is hearsay, see Fed. R. Evid. 801-02] . . . Greer seeks for his Motion to be reconsidered under a Rule 60(b)(1) motion because Greer made the mistake and was neglectful to inform the Court of Zunino not having an interest in pursuing sanctions.

ECF 182 at pp.4.

To briefly summarize the remainder of Mr. Greer's Motion: (1) he cites no legal standard for excusable neglect; (2) he says that he spoke with a woman—again, hearsay—that feels safer at a brothel than in Las Vegas; and (3) he says that this lawsuit is frivolous, despite no such finding from this Court. Mr. Greer specifically states that he would intervene so that he could collect fees against Angela Williams under Nevada statutory law, and then obtain a declaratory order that undersigned counsel is filing frivolous lawsuits. *See* ECF 182 at pp. 4-6. The most fitting word to describe the foregoing sentence is irony—the party alleging frivolity has cited no law that confers the relief that he would pursue upon intervention.

As this Court will see from the argument below, Mr. Greer has not shown that reconsideration is warranted. Specifically, he alleges that he forgot to introduce the hearsay that he relies upon because he "just remembered it." *See* ECF 182 at pp. 2. Yet, "inadvertence, ignorance of the rules, or mistakes construing the rules [generally] do not usually constitute 'excusable neglect.'" *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 392 (1993). Under NRCP 60(b)(1), Mr. Greer has not shown that he is entitled to relief from this Court's Order Denying Intervention. *See* ECF 171 at pp. 17. Respectfully, this Court should summarily deny Mr. Greer's Motion for Reconsideration.

///

///

**ARGUMENT**

Simply put, Mr. Greer's Motion for Reconsideration must be summarily denied by this Court because it does not come close to warranting relief under Rule 60(b). While pro se litigants must be ensured meaningful access to the courts, *see Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998), the "district court lacks the power to act as a party's lawyer, even for pro se litigants," *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (emphasis in original). In other words, while this Court is required to hear Mr. Greer's arguments, it is under no obligation to supply arguments on his behalf. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[I]n both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). The reason counsel is directing this Court to these legal authorities is that Mr. Greer's Motion for Reconsideration is legally flawed such that it must be denied.

**I.     Legal Standard**

A motion for reconsideration—under either Rule 59 or Rule 60—is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). "[Fed. R. Civ. P. 60(b)(1)] provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). To determine whether excusable neglect exists this court analyzes: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1223–24 (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). Generally, "inadvertence, ignorance

of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer*, 507 U.S. at 392.

### II. Mr. Greer is not entitled to relief under Rule 60(b)(1)-(2)

Here, all four factors for reconsideration—as established in *Bateman* and *Pioneer*—strongly counsel against granting Mr. Greer relief under Fed. R. Civ. P. 60(b)(1). First, Plaintiff would be prejudiced because her case will suffer repetitive detriment if she must continually defend against meritless motions, such as the one at bar. *See Prejudice*, Black's Law Dictionary (11th ed. 2019) ("Damage or detriment to one's legal rights or claims."). Second, these proceedings have already been delayed, and will continue to be delayed, if Mr. Greer intervenes. For instance, Mr. Greer has already waited three months after the court's ruling to file this motion for reconsideration before suddenly remembering an email (or conversation), which continually delays the litigation. Third, Mr. Greer sets forth no justification for why he failed to include his newly discovered evidence (or newly remembered evidence) at the time of his motion to intervene. Not to mention, the evidence he purportedly discovered is ***self-serving hearsay*** that is unsupported by affidavit. Instead, he summarily states that he "just remembered" the email which is the entire basis of his motion for reconsideration, and this email does not contain any statement from Mr. Zunino showing that he will never file a motion for sanctions. *See* ECF 182 at pp.2. Fourth, Mr. Greer has not demonstrated good faith. *Cf. Bad Faith*, Black's Law Dictionary (11th ed. 2019) (providing that one definition for bad faith is "lack of diligence and slacking off").

Mr. Greer's proposition—that he "just remembered" the existence of an email or a conversation that purportedly entitles him to relief—does not come close to falling within the definition of excusable neglect. As explained, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer*, 507 U.S. at 392 (emphasis added). Thus, the totality of the *Pioneer* factors clearly show that relief is not

warranted. Even if the *Pioneer* factors came close to warranting relief, Mr. Greer's motion is based on self-serving hearsay. *See* Fed. R. Evid. 801-02.

Insofar as Mr. Greer's motion can be construed to ask for relief based on newly discovered "evidence" pursuant to Fed. R. Civ. P. 60(b)(2)—which gives him the benefit of the doubt because his newly discovered evidence is hearsay—that claim should also be denied. "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence." *School Dist. No. 1J v. Multnomah Cty.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks omitted). Specifically, "evidence available to [a] party before it filed" the moving papers is not "newly discovered evidence" warranting reconsideration." *Id.* (citing *Frederick S. Wyle Prof. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)). Thus, Mr. Greer also cannot receive relief for "newly discovered evidence," under Fed. R. Civ. P. 60(b)(2).

In sum, Mr. Greer has not shown that relief from the order is warranted. Thus, Plaintiffs' respectfully request that this Court deny Mr. Greer's Motion for Reconsideration.

**III. To reiterate, intervention is unwarranted**

Even if Mr. Greer had shown that he is entitled to relief under Rule 60(b)—respectfully, he has not—he again failed to show that intervention is warranted. Specifically, his principal argument is that he needs to intervene to file a motion for sanctions. Yet, he fails to cite a single statute, rule of court, or case that shows that a party can intervene to file a motion for sanctions.

The federal rules permit intervention of right where a person timely moves, and either has the right to so under a federal statute, or "claims an interest relating to the . . . transaction that is the subject of the action," and "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A party seeking intervention must meet four factors to

intervene as of right under Fed. R. Civ. P. 24(a)(2): (1) the application must be timely; (2) the applicant must have a "significant protectable interest" in the action; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (cleaned up). "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," which must be rebutted with a compelling showing." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (cleaned up). As for permissive intervention, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In making this determination a court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As this Court already found, Mr. Greer's interest in legalized prostitution is no longer in jeopardy because it granted Defendants' motion to dismiss the injunctive and declaratory relief that the Plaintiffs' sought. ECF 171 at pp. 17. Further, this Court already found that permissive joinder is improper because it would subject plaintiffs to duplicative arguments causing unnecessary delay. *Id.* at pp. 18. Most importantly, this Court found that even if Mr. Greer has protectable interests, those interests are already adequately represented by existing parties. *Id.* at pp. 17. In Mr. Greer's Motion for Reconsideration, he comes nowhere close to showing that this analysis was incorrect. Instead, he simply seeks to introduce self-serving hearsay that purportedly shows that the Defendants will not file a motion for sanctions under Fed. R. Civ. P. 11. Absent from Mr. Greer's Motion for Reconsideration is any statute, rule of court, or caselaw showing that a motion for sanctions is a protectable interest that warrants intervention. Thus, even if relief under NRCP 60(b) was warranted—respectfully, it is not—Mr. Greer has still failed

to show that his intervention is warranted in this matter.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court deny Mr. Greer's Motion for Reconsideration.

Dated this 25th day of October, 2022

<u>/s/ Jason D. Guinasso</u>
Jason D. Guinasso (SBN# 8478)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
jguinasso@hutchlegal.com

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com

*Admitted Pro Hac Vice
*Attorneys for Plaintiffs*

# ELECTRONIC CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 25th day of October, 2022, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR RUSSELL GREER'S MOTION FOR RECONSIDERATION TO INTERVENE [ECF 182]** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

**Defendant**
**Steve Sisolak**       represented by **Gregory Louis Zunino**
*Governor of Nevada*                    Nevada State Attorney General's Office 100
                                        N Carson Street
                                        Carson City, NV 89701
                                        775-684-1137
                                        Fax: 775-684-1108
                                        Email: GZunino@ag.nv.gov,
                                        sgeyer@ag.nv.gov

**Defendant**
**Aaron Ford**          represented by **Gregory Louis Zunino**
*Attorney General of Nevada*            (See above for address)

**Defendant**
**The City of Las Vegas**  represented by **Jeffrey L Galliher**
                                        Las Vegas City Attorney's Office
                                        495 S Main Street, 6th Flr
                                        Las Vegas, NV 89101
                                        702-229-6629
                                        Fax: 702-386-1749
                                        Email: jgalliher@lasvegasnevada.gov,
                                        ccorwin@lasvegasnevada.gov,
                                        ckelly@lasvegasnevada.gov,
                                        jandrews@lasvegasnevada.gov,
                                        khansen@lasvegasnevada.gov

| | | |
|---|---|---|
| **Defendant** | | |
| **Clark County** | represented by | **Joel K Browning** |
| | | Clark County District Attorney Civil Division |
| | | 500 S. Grand Central Pkwy, #5075 |
| | | Las Vegas, NV 89155-2215 |
| | | 702-455-4761 |
| | | Fax: 702-382-5178 |
| | | Email: joel.browning@clarkcountyda.com, |
| | | christine.wirt@clarkcountyda.com, |
| | | Tawana.Thomas@clarkcountyda.com |
| **Defendant** | | |
| **Nye County** | represented by | **Brent L Ryman Erickson** |
| | | Thorpe & Swainston, Ltd. |
| | | 99 W. Arroyo |
| | | P.O. Box 3559 |
| | | Reno, NV 89505 |
| | | 775-786-3930 |
| | | Fax: 775-786-4160 |
| | | Email: bryman@etsreno.com, |
| | | daguirre@etsreno.com, lligouri@etsreno.com |
| **Defendant** | | |
| Las Vegas Bistro, LLC D/B/A | | |
| Larry Flynt's Hustler Club | represented by | **Zachary Youngsma** |
| | | c/o Deanna L. Forbush |
| | | Fox Rothschild LLP |
| | | 198 Festival Plaza Drive, Suite 700 |
| | | Las Vegas, Nevada 89135 |
| | | 702-262-6899 |
| | | Fax: 702-597-5503 |
| | | Email: dforbush@foxrothschild.com; |
| | | zach@bradshaferlaw.com |
| **Defendant** | | |
| Western Best Inc. D/B/A | | |
| Chicken Ranch | represented by | **Deanna L. Forbush** |
| | | Fox Rothschild LLP |
| | | 198 Festival Plaza Drive, Suite 700 |
| | | Las Vegas, Nevada 89135 |
| | | 702-262-6899 |
| | | Fax: 702-597-5503 |
| | | Email: dforbush@foxrothschild.com |

| | | |
|---|---|---|
| 1 | **Defendant**<br>Western Best LLC | |
| 2 | | Represented by **Deanna L. Forbush** |
| | | Fox Rothschild LLP |
| 3 | | 198 Festival Plaza Drive, Suite 700 |
| | | Las Vegas, Nevada 89135 |
| 4 | | 702-262-6899 |
| | | Fax: 702-597-5503 |
| 5 | | Email: dforbush@foxrothschild.com |
| 6 | **Defendant**<br>SHAC, LLC d/b/a Sapphire | |
| 7 | Gentlemen's Club and/or Sapphire | Represented by: |
| 8 | | Lewis Roca Rothgerber Christie LLP |
| | | Hughes Center |
| 9 | | 3993 Howard Hughes Parkway |
| | | Suite 600 |
| 10 | | Las Vegas, NV 89169-5996 |
| | | 702.474.2622 |
| 11 | | 702.949.8298 (fax) |
| | | E-mail: OBrown@lrrc.com |

**Defendant**
SHAC, MT, LLC

Represented by:
Lewis Roca Rothgerber Christie LLP
Hughes Center
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996
702.474.2622
702.949.8298 (fax)
E-mail: OBrown@lrrc.com

**Pro se litigant**
Russell Greer

Represented by **Russell Greer**
PO BOX 46602
LAS VEGAS, NV 89114
Email: russmark@gmail.com

*/s/ Bernadette Francis*
An Employee of Hutchison & Steffen

12