Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE DISTRICT COURT FOR

# THE STATE OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS ET AL,<br><br>Plaintiffs<br><br>v.<br><br>STEVE SISOLAK ET AL.<br><br>Defendants | PROPOSED INTERVENOR'S REPLY TO PLAINTIFFS' OPPOSITION RESPONSE<br><br><br>Case No.: 28:1343<br><br>Judge Andrew P Gordon<br><br>Magistrate Judge Cam Ferenbach |

Proposed Intervenor Russell Greer hereby replies to Plaintiffs' Response.

## INTRODUCTION

Proposed intervenor (hereafter referred to as Greer) is astonished at the rhetoric that Plaintiffs were displaying in their Response. Plaintiffs ridicule Greer for not citing any legal cases or anything to help him in his Motion for Reconsideration. Greer isn't unfamiliar with the law. In fact, per Supreme Court law, a party is allowed to simply state just facts. "Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. Rule Civ. Proc. 8(a)(2)*); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby*, 574 U.S. 10 (2014). Per *Johnson,* Greer was citing short and plain statements to show why he was entitled to relief. Upon receiving Plaintiff's Response, Greer would offer legal replies, which is what he will do.

This Reply will address Plaintiff's Response contentions in the following: (1) Supreme Court says that intervenors can seek sanctions, (2) Rule 60(B) properly gives Greer his requested relief, (3) the email was not hearsay, (4) Zunio clarification, (5) unnamed sex worker with picture attached, (6) addressing no finding of frivolous suit, (7) never mentioned errata.

## **INTERVENORS CAN SEEK SANCTIONS**

Plaintiffs insist that there is no case law whatsoever that allows an intervenor to intervene and seek sanctions. However, that's just not true. The Supreme Court has held that once intervenors become named parties, as either plaintiff or defendant, they gain and enjoy full party status. *Town of Chester v. Laroe Estates*, 137 S.Ct. 1645 (2017). Along with that party status comes the benefit of asking the court to resolve a claim or issue a remedy that no other party has raised, seek production of documents or command that party appear for a deposition, and seek an

2

order compelling compliance and imposing sanctions for non-compliance. *Id.* In fact, Greer asks this Court to allow him to intervene so that he can seek sanctions because no other Defendant is seeking sanctions. All that Greer needs to show is that he has standing to intervene. As shown, Greer has a "significantly protectable interest" that is "direct and concrete" and "particularized" to the litigant, not "abstract" or "speculative." Greer needs only show that "their interests may not align precisely" with one of the existing parties, which is what Greer showed in his Motion for Reconsideration by stating on Page 3 that his interests are no longer protected by Defendants because Defendants are not seeking sanctions, which is evident by 3 months passing and no motion for sanctions has been filed, thus with Greer's mistake, neglect and discovered evidence, he is able to file this motion.

Simply: controlling law allows an intervenor to seek sanctions.

## **RULE 60(B) Gives Greer His Sought After Relief**

As stated on Page 4 of his Motion, Greer seeks relief under Rule 60(B)(1) due to mistake and excusable neglect. "Excusable neglect is, at bottom, an equitable doctrine, without a precise definition in the Federal Rules." *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992). Indeed, Rule 60(B)(1) has been found to grant all sorts of mistakes and neglect.

*Rule 60(b)(1)* has been held to permit granting of relief where the court overlooked one small item of damages concerned with the major issues of the case. *Southern Fireproofing Co. v. R.F. Ball Construction Co.*, 334 F.2d 122 (8th Cir.1964). Similarly, the oversight of an attorney's law clerk in failing to serve a more definite statement of claim may be ground for vacating a judgment dismissing the complaint under the mistake or inadvertence clause of Rule 60(b)(1). *Weller v. Socony Vacuum Oil Co. of New York*, 2 F.R.D. 158 (S.D.N.Y.1941). Where a default

3

judgment was based on a misunderstanding as to appearance and representation by counsel, relief was granted under Rule 60(b)(1). *Standard Grate Bar Go. v. Defense Plant Corp.*, 3 F.R.D. 371 (M.D.Pa.1944).

Greer's mistake has nothing to do with "ignorance of the rules" as Plaintiffs claim. Rather, Greer's mistake is what he said it was in his Motion: forgetting about a conversation with the Assistant Attorney General of how Zunio wasn't going to seek sanctions and how Zunio described Guinasso's delusional, fantasy-based Complaint as "political" and "interesting". Besides Greer not able to provide the email because Greer is unsure if Zunio considers it privileged, Greer's iPhone somehow deleted Zunio's full message to Greer and is only displaying bits and parts. The conversation isn't hearsay, which Greer will elaborate on later, but rather Greer's recollection of an event.

Following the *Pioneer* standard for whether neglect is excusable, the following factors are considered:1) the danger of prejudice to the nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. Id. at 855 ( Pioneer, 507 U.S. at 395, 113 S.Ct. 1489). The *ABA* says that in considering these four factors, length of delay and prejudice are the most considered. (https://www.americanbar.org/groups/litigation/committees/business-torts-unfair-competition/practice/2018/best-practices-for-missing-a-filing-deadline-in-federal-court/).

1. There is no danger to Plaintiffs because there is no delay. Currently, Guinasso is burdening this court in deciding an interlock appeal. So to repeat what Guinasso said in his Response: "the most fitting word to describe the foregoing sentence is irony." *Doc 185*. So there would be no danger in deciding this reconsideration motion.

2. Length of delay is only three months. 60(B) allows a motion of up to a year.

3. The reason for the delay was to see if Zunio and the State would contradict what he said in the email to Greer and seek sanctions. Since Greer remembered the email exchange, he waited to see if Zunio would bring sanctions and when it was clear that Zunio would not be bringing sanctions, as Zunio previously said to Greer, Greer filed this Motion because he remembered the email exchange and it was his neglect in bringing it forth.

4. The conduct of Greer is being done in good faith because it disgusts Greer that Guinasso keeps pushing forth lies about the legal prostitution system and how Guinasso keeps degrading Greer by calling Greer "the sex buyer" as if it's meant to shame or ridicule Greer. As stated, Greer remembered the email exchange around July/August when the case was mostly dismissed, with Western Best and Saphire, remaining as defendants. Seeing that the State never brought forth sanctions, Greer decided to renew his Motion with his remembered information. Greer can't explain why he didn't mention this before because it's simply as he is saying: his neglect.

5. Additionally, one of the remaining defendants does not oppose Greer intervening, Western Best. Greer reached out to Casey Wallace, attorney for Saphire, and Wallace did not reply.

So Greer meets all of the *Pioneer* standards in showing excusable neglect because he honestly remember the email exchange and waited to see if Zunio would indeed not move for sanctions after the State was dismissed and Zunio as of 10-31-22 has not.

### NEWLY DISCOVERED EVIDENCE STANDARD

Although Greer never argued the newly discovered evidence standard of 60(B)(2) in his Motion for Reconsideration, Guinasso argued that Greer did in Plaintiff's' Response, but Greer didn't. Greer only argued mistake and excusable neglect of forgetting about the email exchange. However, Greer would argue that by the State or the other dismissed defendants not moving for sanctions, that in itself is newly discovered evidence that Greer couldn't have presented in

January 2022 because no defendants were yet dismissed and so he couldn't have known how they would react.

In order to prevail on a Rule 60(b)(2) motion based on newly discovered evidence, the moving party must demonstrate 1) that he exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the court entered its decision. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

By the State defendants not moving for sanctions three months after they were dismissed from the suit, that is evidence to show that dismissed defendants are not moving forward with sanctions. After all, FRCP 11 requires that a party moving forward with sanctions gives notice. *FRCP 11(C)*. The state never gave notice about sanctions. Per Law Cornell notes: "The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation." ( https://www.law.cornell.edu/rules/frcp/rule_11). Since the state was dismissed, that would have been the time for the State to seek sanctions since the litigation ended for THEM. But as evidenced, 3 months and no notice of sanctions.

That evidence confirms Zunio's email to Greer. Plaintiffs claim that Zunio hasn't expressly stated he wouldn't seek sanctions, which he did say to Greer, but the lapse of three months shows that Zunio isn't seeking sanctions. That fact speaks for itself and that in itself is newly discovered evidence. Acts of Omissions can be evidence. As defined by the Black's Law Dictionary, omissions are "failures to complete a duty or a task." Since this was a clearly frivolous suit and since the State could have brought forth sanctions, but didn't, that is a failure to do their duty in fighting frivolous lawsuits. The State's omission is evidence that would fall under this Rule of newly discovered evidence.

This is not introducing new evidence or arguments. It is replying to Plaintiffs, who insisted Greer was arguing under "the newly discovered evidence rule" of Rule 60(B)(2). Greer even alluded in his Motion that the State failed to bring forth sanctions and so that in itself would be evidence, without expressly citing 60(B)(2). *Greer's Motion for Reconsideration, Page 4:* "Since Counsel for the State has stated that he did not wish to seek sanctions against Guinasso, ***and this is evidenced by no motions being filed…. Greer seeks for his Motion to be reconsidered.***"

Greer prays that the State and other defendants not filing notices of motions for sanctions would count as newly discovered evidence under *Rule 60(B)(2)*, as no defendants were dismissed in January 2022 and Greer couldn't have guessed what they would do. Three months after dismissal is ample time to show defendants aren't pursuing sanctions.

### GREER's EVIDENCE ABOUT EMAIL FALLS UNDER HEARSAY EXCEPTION

Plaintiffs are incorrect about the evidence of the email being hearsay because it falls within the *Federal Rules of Evidence 803(5)*(A) under the recorded recollection rule. "A hearsay exception for recorded recollection is generally recognized and has been described as having "long been favored by the federal and practically all the state courts that have had occasion to decide the question." *United States v. Kelly*, [349 F.2d 720](), 770 (2d Cir. 1965). Greer was clearly describing and showing the conversation between Zunio and himself. Since Greer was unsure whether Zunio considered his side of the email conversation private and because Greer's iPhone deleted bits and parts and only shows parts about "interesting", Greer was recalling the event.

Greer didn't include an affidavit because Greer was wanting to testify at the hearing in November and he would be under oath and he would cross-examine Mr. Zunio about the email. For a motion, Greer's statement of recollection was enough to establish prima facie evidence.

### GREER REACHED OUT TO ZUNIO FOR CLARIFICATION

On October 30th, as Greer was writing this Reply, Greer reached out to Zunio for Clarification to make sure what he said in December 2021 was correct, and Zunio never replied. This is more reason for Greer to cross-examine Zunio.

## UNNAMED SEX WORKER

Again, Plaintiffs allege hearsay with the Nye County sex worker, but again, that statement falls under the exception because Greer is recalling events. The sex worker is Max Dream at Sheri's Ranch Brothel. Greer would also like her to testify at the hearing. He is happy to issue a subpoena for her to testify. Attached is a photo of her and Greer. EXHIBIT A.

## NO FINDING OF FRIVOLOUS CONDUCT

Plaintiffs are touting the footnote on the last page of the July order as an endorsement of their case not being frivolous. The fact of the matter is Plaintiffs are reading too much into that footnote. No motions for sanctions have been filed re frivolous lawsuits, so of course there hasn't been a finding of whether this case is or isn't frivolous. It's obvious the Court was simply saying the Court wasn't calling this case frivolous because no hearings have been heard. However, it's clear how the remaining defendants feel. Mr. Wallace, representative of Saphire, told the Las Vegas Review Journal that this case is "absurd". *Claims dismissed in lawsuit targeting Nevada's sex industry.* Las Vegas Review Journal. (2022). (https://www.reviewjournal.com/local/local-nevada/claims-dismissed-in-lawsuit-targeting-nevadas-sex-industry-2633559/amp/).

## PLAINTIFFS DIDN'T ADDRESS ERATA

Lastly, Plaintiffs claim Greer seeks monetary damages against Angela Williams. If Plaintiffs had read the erata that Greer filed, they would have seen that Greer corrected his statement and changed it from "Angela Williams" to "Jason Guinasso" and the law firm of Stefan & Hutchinson. *DOC 184.* Greer made this change because he overlooked the statement in FRCP 11 that only attorneys can be sanctioned and not represented parties.

## CONCLUSION

In Conclusion, Greer should intervene based on the properly shown excusable neglect of not bringing forth the email exchange sooner and based on the evidence of the State not bringing forth sanctions. Had Greer remembered the exchange sooner, the outcome of not allowing Greer to intervene would have been different.

Dated 10-18-22

Respectfully submitted,

Russell Greer

Pro Se Litigant

/rgreer/

**CERTIFICATE OF SERVICE**

**I** hereby certify that I electronically filed the foregoing REPLY TO DOC 185, with the Clerk of the Court by using email.
I certify that the following participants in this case are registered electronic filing systems users and will be served electronically.

**EXHIBIT A**

