1              UNITED STATES DISTRICT COURT

2                 DISTRICT OF NEVADA

3   ANGELA WILLIAMS, et al.,          )  Case No. 2:21-cv-01676-APG-VCF
                                      )
4                 Plaintiffs,         )  Las Vegas, Nevada
                                      )  Friday, November 4, 2022
5           v.                        )  9:03 a.m. - 9:29 a.m.
                                      )  UNLV Moot Courtroom
6   STEVE SISOLAK, et al.,            )  MOTION HEARING
                                      )
7                 Defendants.         )  *C E R T I F I E D   C O P Y*
    _____)

8

9

10           REPORTER'S TRANSCRIPT OF PROCEEDINGS

11         THE HONORABLE ANDREW P. GORDON
            UNITED STATES DISTRICT COURT JUDGE

12

13
    APPEARANCES:  (See next page.)

14

15  REPORTED BY:  PAIGE M. CHRISTIAN, RPR, CRR, CCR #955
                  United States District Court
16                333 South Las Vegas Boulevard
                  Las Vegas, Nevada  89101
17

18

19

20

21

22  Proceedings reported by machine shorthand.
    Transcript produced by computer-aided transcription.
23

24

25

1   **APPEARANCES:**

2

3   For Plaintiffs:

4         **JASON D. GUINASSO, ESQ.**
          *HUTCHISON & STEFFEN, PLLC*
5         5371 Kietzke Lane
          Reno, NV 89511
6         (775) 853-8746
          E-mail: jguinasso@hutchlegal.com

7     *--AND--*

8
          **CHRISTEN M. PRICE, ESQ.**   (*Pro Hac Vice*)
9         1201 F Street NW
          Suite 200
10        Washington, DC 20004
          (202) 393-7245
11        E-mail: cprice@ncoselaw.org

12    *--AND--*

13        **PETER GENTALA, ESQ.**   (*Pro Hac Vice*)
          1201 F Street NW
14        Suite 200
          Washington, DC 20004
15        (202) 393-7245
          E-mail: pgentala@ncoselaw.org

16

17  For Defendants Steve Sisolak and Aaron Ford:

18        **SABRENA CLINTON, ESQ.**
          *NEVADA OFFICE OF THE ATTORNEY GENERAL*
19        555 E. Washington Avenue
          Suite 3900
20        Las Vegas, NV 89101
          (702) 486-5708
21        E-mail: sclinton@ag.nv.gov

22  ///

23

24

25

1    **APPEARANCES CONTINUED:**

2

3    For Defendant Clark County:

4        **JOEL K. BROWNING, ESQ.**
         *DISTRICT ATTORNEY'S OFFICE*
5        500 S. Grand Central Parkway
         Suite 200
6        Las Vegas, NV 89155
         (702) 455-4761
7        E-mail: joel.browning@clarkcountyda.com

8     *--AND--*

9        **BRANDON M. THOMPSON, ESQ.**
         *DISTRICT ATTORNEY'S OFFICE*
10       500 S. Grand Central Parkway
         Suite 200
11       Las Vegas, NV 89155
         (702) 455-4761
12       E-mail: brandon.thompson@clarkcountyda.com

13
     For Defendant Nye County:
14
         **BRENT L. RYMAN, ESQ.**
15       *ERICKSON, THORPE & SWAINSTON, LTD.*
         1885 South Arlington Avenue
16       Suite 205
         Reno, NV 89509
17       (775) 786-3930
         E-mail: bryman@etsreno.com
18

19

20

21

22

23

24

25

1          LAS VEGAS, NEVADA; FRIDAY, NOVEMBER 4, 2022; 9:03 A.M.

2                                --o0o--

3                        P R O C E E D I N G S

4          **COURTROOM ADMINISTRATOR:**  Angela Williams, et al.,

5   vs. Steve Sisolak, et al., 21-cv-01676-APG-VCF.

6          Counsel, please make your appearances, starting with

7   the plaintiffs.

8          **MS. PRICE:**  Christen Price, Your Honor, together

9   with --

10         *(Whereupon, the reporter interrupts to preserve the*

11         *record.)*

12         **THE COURT:**  Speak into the microphone.  There we go.

13         **MS. PRICE:**  Christen Price for the plaintiffs

14  together with my colleagues, Jason Guinasso and Peter Gentala,

15  all on behalf of the plaintiffs.

16         **THE COURT:**  Good morning to all of you.

17         **MR. THOMPSON:**  Brent Thompson, Your Honor, with

18  government defendants with my associates --

19         **MR. BROWNING:**  Joel Browning on behalf of Clark

20  County, Your Honor.

21         **MS. CLINTON:**  Sabrena Clinton on behalf of Governor

22  Sisolak and AG Ford.

23         **MR. RYMAN:**  Good morning, Your Honor.  Brent Ryman on

24  behalf of Nye County --

25         **THE COURT:**  Thank you.  Good morning to all of you.

1          There are two motions on this case.  There is a

2 motion for interlocutory appeal that was filed by plaintiff, and

3 the government defendants have moved for entry of final judgment.

4          It seems to me that from a practical standpoint,

5 everybody's on the same page.  There ought to be an immediate

6 appeal.  The question is how to go about the mechanism.

7          Is that correct?  Do the plaintiffs agree to that?

8          **MS. PRICE:**  Yes, Your Honor.

9          **THE COURT:**  And the defense?

10          **MR. THOMPSON:**  Yes, Your Honor.

11          **THE COURT:**  All right.  And plaintiffs prefer to

12 proceed with the appeal but would prefer a setting of the rest of

13 the action against the remaining defendants while the appeal is

14 pending; is that right?

15          **MS. PRICE:**  That's correct, Your Honor.

16          **THE COURT:**  All right.  And the government defendants

17 don't really care what happens in the underlying case while it's

18 on appeal because you're out of the case; is that correct?

19          **MR. THOMPSON:**  That is correct.

20          **THE COURT:**  All right.  So my real focus this morning

21 is on, why does it matter which mechanism we use for the appeal?

22          So with that being said, I'll ask the plaintiff if

23 you can go ahead and argue and focus in on that issue.

24          **MS. PRICE:**  Thank you, Your Honor.  And may it please

25 the Court.

1            Is there a way I can reserve two minutes of my time

2   for rebuttal?

3            **THE COURT:**  Sure.  I'm not going to be real sickly

4   about time, so just jump in.

5            **MS. PRICE:**  Okay.  Thank you, Your Honor.

6            **THE COURT:**  I think you might want to point the

7   microphone down just a little bit or pull it closer to you.  You

8   might not -- there you go.  Thank you.

9            **MS. PRICE:**  Thank you.  This case is about an

10  ecosystem where slavery thrives.  Private and public actors have

11  cultivated and enabled an environment hospitable to sexual abuse

12  for profit in which my clients were sex trafficked by legal

13  licensed businesses.  So the government defendants eager to

14  remove themselves, have --

15           *(Whereupon, the reporter interrupts to preserve the*

16           *record.)*

17           **THE COURT:**  Slow down because we're having problems

18  with the audio.

19           **MS. PRICE:**  Sorry about that.

20           **THE COURT:**  That's okay.

21           **MS. PRICE:**  In a case about systemic laws, plaintiffs

22  should be allowed to bring a case against the system and so seek

23  two things:  Permission to appeal, but also to not have the case

24  broken up before they have a chance to -- so to Your Honor's

25  question about why defendants would prefer the certification, we

1  are concerned with the case becoming severable as a result of

2  final judgment being entered specifically with respect to the

3  efficiency point in the sense that if the case were to proceed to

4  final judgment and then as to Sapphire and Chicken Ranch,

5  discovery were to proceed, there would be potentially a need for

6  duplication and redo of discovery if the Ninth Circuit were to

7  take the appeal, would reverse, government defendants are back in

8  the case.

9          Just to give an example, with respect to Nye County,

10 plaintiffs would be seeking information on their licensing

11 process for both the women at the brothel, but the brothel

12 itself.  And that would implicate communications with Nye County

13 and interactions with the County, which the defendants could

14 object to on relevance grounds or something like that.  We could

15 end up back here before you in a discovery dispute, but also, if

16 there's a reversal by the Ninth Circuit, we would have to

17 basically redo that discovery and ask those questions of both Nye

18 County and Chicken Ranch --

19         **THE COURT:**  If I -- if I enter judgment and don't

20 stay the underlying case, in theory, you could still conduct

21 discovery against the government entities, either treat them as

22 parties and use Rule 26 for depositions and things like that or

23 Rule 45 for subpoenas for depositions for a nonparty.

24         I suppose, it's a little more difficult if they're

25 considered nonparties to get interrogatories, requests for

1  admissions, and the like as nonparties.  But certainly, Rule 45,

2  subpoenas duces tecum, things like that, allow you to get

3  discovery from them.

4          So from a practical standpoint, are you that much

5  injured if discovery proceeds?

6          **MS. PRICE:**  Yes, Your Honor.  I think the concern is

7  that there would be much more to dispute about, and so, there

8  would be an inefficiency kind of built in there.  And there isn't

9  really an injury to the plaintiffs in having the whole thing

10  stayed and be able to take potentially all of the discovery

11  together, particularly because the plaintiffs allege that the

12  defendants have reenforced indemnity to each other and it's in a

13  systemic way.  And so, we don't want the case to be viewed in

14  fragments because it's really about an ecosystem.

15          **THE COURT:**  Your motion implies but doesn't

16  specifically come out and request a stay.  If I grant it under

17  1292(b), do you -- I think I have the inherent power to stay the

18  case down below.

19          Is that what you want if I grant 1292(b)?

20          **MS. PRICE:**  Yes, Your Honor.  If you grant the

21  1292(b) certification, plaintiffs would want a stay of the full

22  case.

23          **THE COURT:**  Okay.  So then, the next step

24  becomes -- I'm a little concerned that the motion itself doesn't

25  come right out and say, We want a stay.

1            So my concern is that the remaining defendants --

2    Sapphire, the brothels, the strip clubs -- are on notice of that,

3    so my thought is we'd have to have another motion for stay at

4    that point so they could chime in, at least, and give them due

5    process to be heard.

6            **MS. PRICE:**  Yes.  And plaintiffs would be happy and

7    would intend to move for a stay if the 1292(b) certification is

8    granted.  We prefer that.

9            **THE COURT:**  Okay.  All right.  I didn't mean to cut

10   you off.

11           Anything further?

12           Go ahead.

13           **MS. PRICE:**  Plaintiffs also would just note that the

14   Ninth Circuit has found final judgment entry to be premature

15   where the claims were inherently inseverable, both legally and

16   factually, for claims that remain in a case if there weren't a

17   mutual compelling circumstance to justify and recommend entry.

18   And here, sex trafficking survivors have alleged that a

19   highly-connected group of defendants are reenforcing and enabling

20   each other, and so, a just reason going back to the 54(b) factors

21   for delaying final judgment is --

22           *(Whereupon, the reporter interrupts to preserve the*

23           *record.)*

24           **MS. PRICE:**  Sorry about that.  Here, sex trafficking

25   survivors have alleged a highly-connected group of defendants is

 1   reenforcing and enabling each other.  Thus, a just reason for

 2   delaying entry of final judgment is that we don't want parties

 3   alleged to have commuted to be hermetically sealed off from each

 4   other.

 5          THE COURT:  If -- if I grant 54(b) certification as

 6   to defendants -- the government defendants' request and stay the

 7   case, can you live with that?

 8          MS. PRICE:  Yes, Your Honor.  As long as the case

 9   isn't being severed, the plaintiffs can -- can live with that.

10          THE COURT:  All right.  And if I grant -- back -- to

11   circle back to the question I asked before, if I grant 54(b), can

12   I stay the case now, or do we think we still need to have another

13   motion to stay so that the remaining defendants can be heard?

14          I just don't recall off the top of my head if

15   the -- if the 54(b) motion included a request to stay.

16          MS. PRICE:  I'm not certain off the top of my head,

17   Your Honor, but we'd be happy to brief it.

18          THE COURT:  Okay.  All right.  We'll look at that

19   issue another day.

20          Okay.  Anything further?

21          MS. PRICE:  Just to close, Your Honor, standing is a

22   controllable question of law.  Every defendant where there are

23   multiple players in this ecosystem remain in the case.  As it

24   relates to the 13th Amendment and the Trafficking Victims

25   Protection Act, this is an issue of first impression and have

 1  extraordinary importance to women's rights, to which the Ninth

 2  Circuit has already (indiscernible) and a case about systemic

 3  (indiscernible).  We want to be able to bring the case against

 4  the systems, so accordingly, plaintiffs ask the Court permission

 5  to appeal.

 6            **THE COURT:**  Thank you.

 7            **MS. PRICE:**  Thank you, Your Honor.

 8            **THE COURT:**  All right.  For the defense.

 9            **MR. THOMPSON:**  Thank you, Your Honor.  And I'd also

10  like to reserve time for rebuttal.

11            The Court has honed in on the purpose of this hearing

12  today.  It's not for the immediate vindication of plaintiffs'

13  rights with the allegations.  It's not to address any underlying

14  allegations or challenges to the systemic profits of legalized

15  prostitution nor is the ability to appeal right now.

16            As the Court mentioned, we're just trying to

17  determine the appropriate vehicle for appeal and the parties'

18  status going forward from there.

19            So our position is that section 20 -- I'm sorry,

20  1292(b) motion to stay is improper.  The Court noticed the stay

21  issue.  You mentioned that several times.  And I think that was

22  the main concern here is that it sort of defeats the ability of

23  the plaintiffs to vindicate the right against the other

24  defendants.  A stay here would completely halt all arguments and

25  procedure in this case.

2:21-cv-01676-APG-VCF - Friday, November 4, 2022     12

1           It's -- they mention that the -- I'm sorry, that the

2   defendants are inseverable.  However, the allegations made

3   against the government defendants, the strategy and the discovery

4   needed do not require them to be in the case currently.  It does

5   not require them to be argued with the other defendants.

6           So in order to grant a 1292(b) motion, the plaintiffs

7   would need to prove that there's a controlling question of law

8   (indiscernible) and they can -- advance the ultimate

9   determination of this litigation.  This is an and, not an or.

10          The plaintiffs in their motion spent a lot of time in

11  the first two, but they very rarely address the third question.

12  And in -- as I mentioned before, the stay itself automatically

13  defeats that.  It defeats advancing this litigation.  This stays

14  their proceedings against the other defendants as well as they're

15  requesting to stay and appeal in order to add parties back in.

16  That's going to expand.  It's not going to --

17          **THE COURT:**  But do you care about a stay if you're on

18  appeal even if I grant 54(b), as you're requesting?

19          **MR. THOMPSON:**  If 54(b) is granted, then the parties

20  are substantially out of the question unless the unfortunate

21  happens and they reverse, but --

22          **THE COURT:**  Well, then that leads to the point that's

23  the plaintiff's concern that if they're, quote/unquote, out of

24  the case on appeal and discovery is not stayed, they have

25  difficulty obtaining information from your clients.  As I

1   suggested, Rule 45 exists to allow subpoena duces tecum and the

2   like, but they wouldn't -- I guess that's the point, whether they

3   would be able to use Rule 33 for interrogatories, Rule 26 for

4   depositions, things like that.

5           **MR. THOMPSON:**  Correct.  And I'd also note that

6   there's 30(b)(6) deponents would be available even as nonparties,

7   so they'd have that available to them.

8           Again, I think their ability to obtain discovery,

9   whatever they need for government defendants would not be harmed

10  by granting 54(b) and then being out of the case.

11          They've also stated the controlling question of law

12  regarding the issue of standing under the 13th Amendment.  And

13  it's been held -- the question of law which the Court ruled on

14  and has considered the facts are not controlling questions.  They

15  didn't address, though, how far that --

16          **THE COURT:**  Well, why is it a standing and

17  controlling question here with regard to your clients?

18          **MR. THOMPSON:**  They're trying to determine whether or

19  not --

20          **THE COURT:**  That's where the compelling issue, in a

21  sense, with standing.

22          **MR. THOMPSON:**  Okay.

23          **THE COURT:**  Standing is one of the significant and

24  compelling issues here.

25          Why is that a controlling question that the Ninth

1    Circuit would say, Okay.  Let's take it up?

2           MR. THOMPSON:  Well, the standing would determine

3    whether or not the defendants stay in the case or not.  That's

4    their point.

5           THE COURT:  Wouldn't that materially affect the

6    outcome of litigation, then, and therefore, it's sufficient for

7    appeal?  Or perhaps I'm misinterpreting --

8           MR. THOMPSON:  I think it would affect the outcome of

9    the litigation materially, I guess, is an argument.  But there is

10   the concern that these can go separately, as well.  They're not

11   so much interconnected that the Court ruled on that would require

12   the defendants to stay in.

13          THE COURT:  I understand.  Thank you.

14          MR. THOMPSON:  Moving into the 54(b) aspect of it,

15   we've already established there's multiple parties here, and

16   there's multiple claims, so we have that problem there of more

17   than one claim for relief for multiple parties involved.  The

18   Court has made a final judgment on all the defendants, so we have

19   that.  The only concern here is if there's any just reason for

20   delay.  And we established there's no reason to delay entering a

21   final judgment because it would not hamper the plaintiffs

22   pursuing not only their defendants, the sex industry defendants,

23   but if they reverse, then they can still come back and deal with

24   the government defendants.

25          THE COURT:  Doesn't that create inefficient

2:21-cv-01676-APG-VCF - Friday, November 4, 2022    15

1  litigation, though, if I don't stay the underlying case? because

2  they'll have to repeat -- I guess, in theory, if they take

3  depositions while your clients are on appeal, and then for some

4  reason, they get reversed and it comes back down, arguably, you

5  get to retake those depositions because you were parties to

6  those, things like that.

7          So doesn't that create inefficiencies if I don't stay

8  the underlying litigation?

9          **MR. THOMPSON:**  I would -- I guess, it's a

10  possibility.  Maybe not inefficient, but it might cause a

11  negligible delay, but I don't think it's inefficient delay.

12          **THE COURT:**  Okay.

13          **MR. THOMPSON:**  And if Your Honor has no other

14  questions, I'll submit --

15          **THE COURT:**  You addressed it.  Thank you, sir.

16          All right.  Any final rebuttal from the plaintiffs?

17          Since there's two motions, I'll go back to the

18  defendant for final words.

19          **MS. PRICE:**  Yes.  And thank you, Your Honor.  Just

20  wanted to clarify one point with respect to authority and what I

21  think the defendants were arguing and -- as to the

22  mixed -- potential mixed question of fact of law under the

23  question of law prong, which is simply that standing is treated

24  as a question of law even when there is some factual analysis due

25  to the fact that injuries are being analyzed.  The Ninth Circuit

1    has held --

2         *(Whereupon, the reporter interrupts to preserve the*

3         *record.)*

4         **MS. PRICE:**  Including in *Barnhart v. County of Los*

5    *Angeles* in 2002.

6         And then with respect to the efficiency point, it

7    seems that the defendants have more or less admitted that there

8    would be an inefficiency in not staying the case, severing, and

9    continuing with multiple cases with respect to the point

10   plaintiffs have made about it being an ecosystem and

11   inefficiencies inherent in combining the cases back together.

12        So unless Your Honor has any further questions,

13   that's all from the plaintiffs.

14        **THE COURT:**  I had one follow-up question I forgot to

15   ask both of you in the first part, and it's unrelated, in a

16   sense, to the present motion.  But there were two motions for

17   protective order that were filed, ECF No. 2 and ECF No. 50.

18   Magistrate Judge Ferenbach administratively closed those two

19   motions without ruling on them pending resolution of the motions

20   that I was considering back in the day.

21        Now that I've ruled on those, those two motions, in a

22   sense, reignite.  My recollection is these were two motions to

23   keep the plaintiffs' names as Doe --

24        **MS. PRICE:**  Yes, Your Honor.

25        **THE COURT:**  -- I guess, the question now becomes now

1   that those dispositive motions have been ruled upon, what do we

2   want to do with those motions for protective order?  Since it's

3   going up on appeal, if I stay the case, do we want to keep those

4   motions administratively closed until it comes back, or what's

5   your thought?

6            **MS. PRICE:**  Yes, Your Honor.  The plaintiffs would

7   prefer for the motions to remain administratively closed for as

8   long as the case is stayed.

9            **THE COURT:**  Is on appeal, at least --

10           **MS. PRICE:**  Or is on appeal.  Yes.

11           **THE COURT:**  All right.  Thank you for that.

12           All right.  Anything else from the defense?

13           And if you'll address that issue, as well, as far as

14   closing the case -- or those motions, I meant.

15           **MR. THOMPSON:**  Thank you, Your Honor.  Regarding

16   the -- those motions, we have no objection to closing that.

17           I do just want to mention the defendants are not

18   opposed to a stay.  We still argue that the 54(b) vehicle is the

19   proper vehicle.

20           We would address the plaintiffs' arguments regarding

21   systemic -- or a system within -- regarding their allegations.

22   Other than that, no allegations are proof -- proof have been

23   provided -- there's not factual allegations as to Clark County,

24   and Nye County is a different jurisdiction with different laws

25   that are not applicable there.

1          One minor thing I would just mention the plaintiffs

2    rely on the *Morris (indiscernible)* case for the intertwined

3    nature of the claims.  And I would just note that the Court's own

4    analysis mentions that these parties were separately trafficked.

5    Their positions were separate from each other and they're

6    distinct.  So it's an analysis that was already brought up in

7    submission and ruled on by the Court that substantiates the lack

8    of interconnection between all the parties.

9          And if the Court has no further questions, I will

10   submit on that.

11         **THE COURT:**  Let me check my notes.  I think you

12   picked up on -- got it.  Thank you, sir.

13         *(Pause.)*

14         **THE COURT:**  All right.  I guess I'm going to rule on

15   this.  Frankly, it's one of the easier ones I get to do because

16   the parties are mostly in agreement on what needs to happen from

17   a practical standpoint.  It's just a question of which mechanism

18   is the proper way to go about it.

19         I'm going to rule.  I'm going to deny the plaintiffs'

20   motion and grant the defendants' motion under Rule 54(b).  I

21   think that's the more proper vehicle on which to take this up on

22   appeal.  My July 2022 order was a final order dismissing all of

23   the claims against the government defendants with prejudice, so

24   that's properly under 54(b).

25         But let me make a note for purposes of appeal that

1   under 28 U.S.C. 1292(b), which is the preferred mechanism for the

2   plaintiffs, I can certify and I'll enter a final order for

3   interlocutory appeal if the order does three things.  One, it

4   involves a controlling question of law as to which there's

5   substantial ground for difference of opinion, and an immediate

6   appeal from the order may materially advance the ultimate

7   determination of litigation.  Those are the three factors I have

8   to look at.

9        The plaintiffs bear the burden of establishing all

10  three of those because they're the movant, and the Ninth Circuit

11  has held several times that certification under 1292(b) is for

12  exceptional situations, not just difficult rulings in hard cases.

13  So the standard is fairly high.

14        I think the plaintiffs have established that the

15  standing issue in this case is a controlling question of law

16  because its resolution could materially affect the outcome of the

17  case, and immediate appeal may also materially advance interest

18  of the parties because an early answer to the same question and

19  whether the defendants could -- I'll just say the government

20  found to be held liable will materially advance the case.

21        Where I am troubled is I don't think the plaintiffs

22  have established that there are substantial grounds for

23  difference of opinion on whether they possibly alleged foundation

24  for standing.  I've ruled that way against the plaintiffs on that

25  issue.

1         I -- and my order did not eliminate the possibility

2   of (indiscernible) liability for government defendants, but I

3   found that the plaintiffs have not alleged a close enough

4   connection in this case.  The beneficiary on liability cases that

5   plaintiffs cite to consistently have a closer connection between

6   the plaintiff and the defendants that have been alleged here.

7         The plaintiffs also in their moving papers reiterate

8   their arguments that (indiscernible) standing.  But simply a

9   strong disagreement with the Court ruling is not sufficient for

10  there to be substantial ground for a difference of opinion under

11  the Ninth Circuit case law.

12        So that's why I think the proper vehicle is under

13  54(b) because I have entered a final judgment against these

14  defendants on which there's no just reason for delay, and an

15  appeal will address the needs of the parties going forward.

16        While there is some risk of inefficiencies of

17  proceeding with an appeal at this time, I think the present needs

18  of the parties, the need for resolution of this issue, and the

19  ability to stay the case down below pending appeal address those

20  concerns about the inefficiencies.

21        So I'm going to grant the 54(b) motion, deny the

22  plaintiffs' motion to stay (indiscernible) go up on appeal to the

23  Ninth Circuit.  As I mentioned, I think, technically, I'm not

24  comfortable granting a stay right now because I'm concerned that

25  the -- well, let me think about it for a minute.

1           I'll go about it this way.  I'm going to grant a stay

2    of the underlying case that remains against the remaining

3    defendants under my inherent power.  If the defendants who remain

4    in the case want to proceed with the litigation, they can file a

5    motion for reconsideration.  I think your motion teed it up.  The

6    plaintiffs' motion teed it up.  It didn't specifically request

7    it, but there's enough in that, that I got that you were looking

8    for a stay.  And so, maybe the most efficient way is I'm going to

9    stay the underlying litigation right now, and defendants can move

10   for reconsideration if they think there's a reason for the case

11   to go forward.  So I think that gets everybody where they want to

12   be on appeal with the Ninth Circuit if I stay the case down

13   below.

14           Any questions or things I need to modify in that

15   regard.

16           For the plaintiffs?

17           **MS. PRICE:**  Nothing from the plaintiffs, Your Honor.

18           **THE COURT:**  All right.  Anything from the defense?

19           **MR. THOMPSON:**  No, Your Honor.

20           **THE COURT:**  All right.  That will be my order, then.

21   I'm not going to enter a separate order.  The minutes here and

22   the transcript will constitute my order.  Thank you all.  Well

23   argued.  Thank you.

24           (*Proceedings adjourned at 9:30 a.m.*)

25                              --o0o--

1                   COURT REPORTER'S CERTIFICATE

2        I, Paige M. Christian, Official Court Reporter, United

3   States District Court, District of Nevada, Las Vegas, Nevada, do

4   certify that pursuant to 28 U.S.C. § 753, the foregoing is a

5   true, complete, and correct transcript of the proceedings had in

6   connection with the above-entitled matter.

7

8   DATED:  January 31, 2023

9

10                           /s/ Paige M. Christian_____
                             Paige M. Christian, RPR, CRR, CCR #955
11                           Official Court Reporter
                             United States District Court
12                           District of Nevada

13

14

15

16

17

18

19

20

21

22

23

24

25