# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS, et al., | Case No.: 2:21-cv-01676-APG-VCF |
| Plaintiffs | **Order Denying Motion for Reconsideration** |
| v. | [ECF No. 182] |
| STEVE SISOLAK, et al., | |
| Defendants | |

Russell Greer moves for reconsideration of my prior order denying his motion to intervene. I deny the motion because Greer has not shown reconsideration is warranted, and even if he had, he still does not satisfy the requirements for intervention.

## I.    BACKGROUND

Greer previously moved to intervene under Federal Rule of Civil Procedure 24. ECF No. 105. He argued that as a disabled patron of brothels he has a personal interest in defending Nevada's legal brothel system, and as a paralegal he has a professional interest in seeking sanctions against plaintiffs' counsel, Jason D. Guinasso, for his "crusade" to eliminate that system. *Id.* I denied intervention as of right because I found Greer's interests to be adequately represented by the existing parties, and I denied permissive intervention because it would subject the plaintiffs to duplicative arguments and cause unnecessary delay. ECF No. 171 at 17-18.

Greer now moves for reconsideration of that order under Federal Rule of Civil Procedure 60(b)(1), which provides that the court may relieve a party from a final order or judgment due to "mistake, inadvertence, surprise, or excusable neglect."[1] Greer states he forgot to include in his

---

[1] I assume without deciding that my order denying Greer's motion to intervene is a final judgment for purposes of Rule 60(b), both because no party argues otherwise and because that assumption is not inconsistent with Ninth Circuit case law. *See Cooper v. Newsom*, 13 F.4th 857,

1  motion to intervene that Gregory L. Zunino, counsel for state defendants Steve Sisolak and

2  Aaron Ford, told Greer the state defendants would not seek sanctions against Guinasso. ECF No.

3  182 at 4.  The plaintiffs respond that Greer has not shown excusable neglect to warrant

4  reconsideration, and regardless he does not meet the standard for intervention under Rule 24.

5  ECF No. 185 at 6-8.

6  **II.    DISCUSSION**

7        When making an excusable neglect determination under Rule 60(b)(1), I must consider

8  "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay

9  and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the

10 movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)

11 (quotation omitted).  The inquiry is "an equitable one, taking account of all relevant

12 circumstances surrounding the party's omission." *Id.* (quotation omitted).  Whether to grant

13 relief under Rule 60(b) lies within my discretion. *Id.* at 1191-92.

14       Greer argues he meets this standard because his motion will cause the plaintiffs no

15 prejudice and his delay in filing for reconsideration was relatively short. ECF No. 186 at 4.[2]  But

16 reconsideration does prejudice the plaintiffs, both by incurring further expense relitigating the

864, 868 (9th Cir. 2021) (affirming denial of motion to intervene as of right on the merits and
dismissing appeal of permissive intervention after finding no abuse of discretion); *Donnelly v.
Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("A district court's denial of a motion for
intervention as of right is an appealable final decision." (quotation omitted)).

[2]  Greer makes this argument for the first time in reply.  Because I find he has not met the
standard for excusable neglect and fails to meet his burden for intervention, a response from the
plaintiffs is unnecessary.

1     issue of intervention, and by forcing them to litigate the issue of sanctions against plaintiffs'

2     counsel if Greer were permitted to intervene.[3]

3          The three remaining factors are somewhat neutral. Given that the case is stayed pending

4     the plaintiffs' appeal of my dismissal of the government defendants, I agree there is no apparent

5     delay from reconsideration. The reason for delay is a bit murkier. Greer initially stated he

6     simply forgot to include the information. ECF No. 182 at 2. Forgetfulness may be a poor excuse,

7     but Greer is a pro se party and Rule 60(b)(1) explicitly contemplates relief despite a party's

8     mistake or inadvertence. Greer later stated the delay was because he was waiting to see if the

9     state defendants would seek sanctions. ECF No. 186 at 5. If he intentionally omitted that the

10     state defendants did not intend to pursue sanctions from his initial motion, that could show bad

11     faith. *See M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th

12     Cir. 2016), *as amended* (Nov. 18, 2016) (characterizing a "post-hoc rationalization" aimed at

13     securing additional time as bad faith); *Lemoge*, 587 F.3d at 1197 (finding no bad faith when

14     "errors resulted from negligence and carelessness, not from deviousness or willfulness"

15     (quotation omitted)). But because I read Greer's statements to mean he initially forgot to include

16     his conversation about sanctions and did not strategically omit it, I find his reasons for delay and

17     good faith to be neutral. Weighing the danger of prejudice to the plaintiffs against the other

18     neutral factors, Greer has not shown excusable neglect to warrant reconsideration.

19          Even assuming I granted Greer's motion for reconsideration, the additional information

20     he provides does not change my conclusion that his interests are adequately represented by the

---

[3]  The Ninth Circuit encourages me to consider the prejudice to the movant if relief is denied when considering "all relevant circumstances." *Lemoge*, 587 F.3d at 1195. But because I would not likely grant a motion for sanctions against plaintiffs' counsel, as discussed below, I see no prejudice to Greer in denying his motion for reconsideration.

existing parties.  Greer might prefer that the state defendants seek sanctions against opposing

counsel, but "[w]here parties share the same ultimate objective,"—here, defending Nevada's

legal brothel system and avoiding frivolous lawsuits—"differences in litigation strategy do not

normally justify intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as*

*amended* (May 13, 2003).  Greer has not met his burden for intervention as of right under Rule

24(a), and permissive intervention under Rule 24(b) remains inappropriate because Greer's

intervention may cause undue prejudice to the plaintiffs as described above.

Finally, I note that permitting Greer to intervene to pursue sanctions against Guinasso

would be futile.  It is unclear that Greer has standing to move for sanctions on behalf of the state

defendants, and although no motion is before me, I would not be inclined to grant sanctions

against Guinasso at this point.  Federal Rule of Civil Procedure 11 provides that an attorney may

be sanctioned when they present to the court "claims, defenses and other legal contentions not

warranted by existing law or by a nonfrivolous argument for the extension, modification, or

reversal of existing law or the establishment of new law." *Holgate v. Baldwin*, 425 F.3d 671, 676

(9th Cir. 2005) (simplified).  I have not seen here the kind of frivolity the rule contemplates.  Nor

does it appear that Greer (or any defendant) previously served a Rule 11 motion on Guinasso and

the plaintiffs as required by Rule 11(c)(2).  Because Greer has not met the standard for

reconsideration, and because intervention remains unwarranted, I deny his motion.

## III.    CONCLUSION

I THEREFORE ORDER that Russell Greer's motion for reconsideration **(ECF No. 182)**

**is DENIED**.

DATED this 24th day of July, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE