FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA WILLIAMS; et al.,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>STEVE SISOLAK, Governor of Nevada, in his official capacity; et al.,<br><br>        Defendants-Appellees,<br><br> and<br><br>JAMAL RASHID; et al.,<br><br>        Defendants,<br><br>RUSSELL G. GREER,<br><br>        Intervenor-Defendant. | No.   22-16859<br><br>D.C. No. 2:21-cv-01676-APG-VCF<br>District of Nevada,<br>Las Vegas<br><br>ORDER |

Before: S.R. THOMAS and BRESS, Circuit Judges, and EZRA,[*] District Judge.

The memorandum disposition in the above-captioned matter filed on December 7, 2023 and reported at 2023 WL 8469159 is AMENDED as follows:

At *1, replace the sentence beginning with <Plaintiffs appeal the district court's dismissal . . .> with <Plaintiffs appeal the district court's dismissal of their

---

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

claims against Nevada state and local officials for abuse plaintiffs allegedly suffered in Nevada's commercial sex industry.>

With this amendment, the panel unanimously voted to deny the petition for panel rehearing. Judge Bress voted to deny the petition for rehearing en banc and Judges Thomas and Ezra so recommended. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and rehearing en banc, Dkt. No. 52, is **DENIED**. No future petitions for rehearing or rehearing en banc will be entertained.

**IT IS SO ORDERED.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA WILLIAMS; et al., | No. 22-16859 |
| Plaintiffs-Appellants, | D.C. No. 2:21-cv-01676-APG-VCF |
| v. | |
| STEVE SISOLAK, Governor of Nevada, in his official capacity; et al., | AMENDED MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JAMAL RASHID; et al., | |
| Defendants, | |
| RUSSELL G. GREER, | |
| Intervenor-Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 5, 2023**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  S.R. THOMAS and BRESS, Circuit Judges, and EZRA,*** District Judge.

Plaintiffs appeal the district court's dismissal of their claims against Nevada state and local officials for abuse plaintiffs allegedly suffered in Nevada's commercial sex industry.  The district court determined that plaintiffs lacked Article III standing to assert these claims against the government defendants.  We review the district court's grant of a motion to dismiss and questions of Article III standing de novo.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008); *City & Cnty. of S.F. v. Garland*, 42 F.4th 1078, 1084 (9th Cir. 2022).  We review the denial of leave to amend for abuse of discretion.  *Garmon v. Cnty. of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

To establish Article III standing, plaintiffs must allege " (i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  The second element, traceability, is at issue here.  To meet that requirement, plaintiffs must allege that their injuries are "fairly traceable" to the defendants' conduct and

---

*** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

"not the result of the independent action of some third party not before the court." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094 (9th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561). Although this does not require a showing of proximate cause, it does require plaintiffs to "establish a 'line of causation' between defendants' action and their alleged harm that is more than 'attenuated.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (quoting *Allen v. Wright*, 468 U.S. 737, 757 (1984)). Particularly relevant here, "[i]n cases where a chain of causation 'involves numerous third parties' whose 'independent decisions' collectively have a 'significant effect' on plaintiffs' injuries, the Supreme Court and this court have found the causal chain too weak to support standing at the pleading stage." *Id.*

The district court correctly concluded that plaintiffs lack Article III standing to sue the government defendants because plaintiffs' injuries are the result of allegedly illegal third-party conduct in Nevada's commercial sex industry. While the government defendants have various roles in regulating that industry, the injuries plaintiffs suffered were allegedly inflicted by the "independent action[s]" of third parties, *Lujan*, 504 U.S. at 560—namely, the traffickers, escort agencies, strip clubs, and brothels who were also named in their complaint. Plaintiffs' allegations are therefore insufficient to support traceability under Article III. *See id.* When plaintiffs raise claims based on government action or inaction, they must sufficiently allege that government defendants' actions "exert[] a 'determinative or coercive

effect' on the third-party conduct that directly causes the[ir] injury." *WildEarth Guardians v. United States Forest Serv.*, 70 F.4th 1212, 1217 (9th Cir. 2023) (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)). Plaintiffs' allegations do not meet that standard, especially when by the allegations of the complaint certain third parties engaged in conduct that violated federal and state laws against sex trafficking.

The record does not support plaintiffs' assertions that the district court failed to consider all their allegations. Nor did the district court abuse its discretion in denying leave to amend because amendment as to the government defendants would have been futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

**AFFIRMED.**