**NATIONAL CENTER ON
SEXUAL EXPLOITATION**
Benjamin W. Bull*
Peter A. Gentala*
Danielle Bianculli Pinter*
Christen M. Price*
1201 F Street NW, Suite 200
Washington, DC, 20004
Tel: (202) 393-7245
lawcenter@ncose.com

**GUINASSO LAW, LTD.**
Jason D. Guinasso, Esq.
5371 Kietzke Lane
Reno, NV 89511
Tel: (775) 853-8746
Fax: (775) 201-9611
guinassolaw@gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS; JANE DOE #1; & JANE DOE #2,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMAL RASHID; MALLY MALL MUSIC LLC; FUTURE MUSIC, LLC; PF SOCIAL MEDIA MANAGEMENT, LLC; EXCLUSIVE BEAUTY LOUNGE, LLC; FIRST INVESTMENT PROPERTY LLC; V.I.P. ENTERTAINMENT, LLC; MP3 PRODUCTIONS, INC.; MMM PRODUCTIONS, INC.; WESTERN BEST LLC; E.P. SANCTUARY; BLU MAGIC MUSIC, LLC D/B/A LARRY FLYNT'S HUSTLER CLUB; LAS VEGAS BISTRO, LLC; SHAC, LLC; SHAC MT, LLC; & WESTERN BEST, INC. D/B/A CHICKEN RANCH,<br><br>Defendants. | Case No: 2:21-cv-01676-APG-VCF<br><br>**MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY** |

Plaintiffs Jane Doe #1 and Jane Doe #2 ("Plaintiffs"), by and through their undersigned counsel, respectfully request that this Court allow Plaintiffs to bring this action pseudonymously, pursuant to Federal Rules of Civil Procedure 5.2 and 10, to ensure that Plaintiffs' identities are

1

kept confidential throughout the pendency of the lawsuit and thereafter. The arguments in support of this motion are set out in the Memorandum in Support and incorporated herein by this reference. All Plaintiffs hereby also move for a protective order.

## **MEMORANDUM IN SUPPORT**

Plaintiffs are survivors of sex trafficking and bring an action for damages against Defendants under the Thirteenth Amendment, U.S. Const. amend. XIII, and the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591(a)(1)-(2) and 1595. Plaintiffs Jane Doe #1 and Jane Doe #2 seek leave to proceed under a pseudonym because disclosure of their identities on the public docket will cause harm that outweighs the presumption of open judicial proceedings under these special circumstances. Similarly, all Plaintiffs seek protection against any disclosure or other misuse of any information obtained through discovery.

## **ARGUMENT**

The Federal Rules of Civil Procedure and this Court allow for Plaintiffs to proceed pseudonymously. Although Rule 10(a) requires the title of the complaint to name all the parties, in the Ninth Circuit, a party may proceed anonymously when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). A plaintiff may use a pseudonym in "the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1068 (cleaned up). *See also United States v. Doe*, 488 F.3d 1154, 1156 n. 1 (9th Cir. 2007).

Plaintiffs argue that I) as persons who were sex trafficked by a brothel and by strip clubs owned and/or overseen by Defendants, Jane Doe #1 and Jane Doe #2 have significant privacy and security interests that warrant litigating pseudonymously; II) the public interest in victims

bringing cases against sex traffickers and their facilitators is furthered by allowing Plaintiffs to proceed anonymously; and III) Defendants will not be prejudiced by Plaintiffs bringing their claim using a pseudonym if Defendants can access Plaintiffs' identities in discovery under the terms of a protective order.

Thus, in this case, the facts strongly weigh in favor of Plaintiffs' motion to file this case using a pseudonym. Accordingly, the motion should be granted.

**I.  As persons who were sex trafficked by a brothel and by strip clubs owned and/or overseen by Defendants, Jane Doe #1 and Jane Doe #2 have significant privacy and security interests that warrant litigating pseudonymously.**

Plaintiffs have substantial privacy rights in guarding the sensitive and highly personal information they must disclose in this sex trafficking litigation. In evaluating what information is highly sensitive and protected, it is well established that victims of rape, human trafficking, and sexual battery have a strong interest in protecting their identities so that other victims will not be deterred from reporting such crimes. That is, women bringing legal claims related to their being in the sex trade can litigate under pseudonyms; this is an established principle in this district and others in this Circuit. *See*, *e.g.*, *Sears v. Mid Valley Enterprises, LLC*, No. 2:19-CV-00532-APG-DJA, 2021 WL 8015628 (D. Nev. Dec. 8, 2021) (allowing plaintiffs to pseudonymously sue a Nevada brothel for failing to pay minimum wage and overtime wages); *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) (allowing plaintiffs to bring claims pseudonymously against strip clubs for misclassifying them as independent contractors) ("The plaintiffs express a legitimate concern for their privacy and, more compelling for the anonymity analysis, an understandable fear of social stigmatization."); *Discopolus, LLC v. City of Reno*, No. 3:17-CV-0574-MMD-VPC, 2017 WL 10900550 at *1-2 (D. Nev. Nov. 16,

2017) (allowing plaintiff, who was employed at a strip club, to bring First Amendment claim against government defendants under a pseudonym). *But see 4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038ABCSSX, 2009 WL 250054, at *4 (C.D. Cal. Jan. 29, 2009) (not allowing plaintiffs to proceed pseudonymously against the strip club employer because they were primarily concerned with economic retaliation by their employer, not social stigma).[1]

Likewise, sex trafficking victims have commonly been permitted to proceed pseudonymously in other federal districts. *See*, *e.g.*, *A.D. v. Cavalier Mergersub LP*, No. 2:22-CV-095-JES-NPM, 2022 WL 4354842, at *2 (M.D. Fla. Sept. 20, 2022) (permitting sex trafficking victim to use a pseudonym in public pretrial filings); *C.S. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-CV-634-JES-MRM, 2021 WL 7448060, at *15 (M.D. Fla. June 11, 2021) (same); *A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 19CV120, 2020 WL 5269758, at *3 (E.D. Va. Mar. 20, 2020), *order clarified*, No. 19CV120, 2020 WL 8639343 (E.D. Va. July 30, 2020) (same).

In cases where "pseudonyms are used to shield the anonymous party from retaliation," the district court must evaluate: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation [.]" *Advanced Textile Corp.*, 214 F.3d at 1068 (cleaned up). In *Sears v. Mid Valley Enterprises, LLC*, No. 2:19-CV-00532-APG-DJA, 2021 WL 8015628 (D. Nev. Dec. 8, 2021), this court found that those factors were met for a plaintiff who was afraid for her physical safety and

---

[1] Notably, *SFBSC* refused to follow *Spearmint Rhino*. *See SFBSC*, 77 F. Supp. 3d at 993–94 ("The court does not agree that 4 Exotic Dancers compels the denial of anonymity here. That decision does not reflect how this district has understood the law of anonymity.").

4

reputation:

> Under the Ninth Circuit's first factor, the severity of the threatened harm is high. Roe 1 has offered a statement of the Lyon County District Attorney that courtesans are vulnerable to "Johns or others trying to track them down outside the legal brothel" and "more likely to be victims of crime, including sex trafficking, sexual assault, and other serious crimes." And as Roe 1 points out, the stigma courtesans face is far higher than that faced by exotic dancers. Under the second factor, the Court has no reason to believe that Roe 1's fears are unreasonable. Under the third, Roe 1 has explained that courtesans are more vulnerable to crime and social stigma, a vulnerability that, again, this Court has no reason to question. These factors outweigh any prejudice to Defendants and the public's interest in knowing Roe 1's identity.

*Sears*, 2021 WL 8015628, at *2 (internal citations omitted).

So too here. Plaintiffs Jane Doe #1 and Jane Doe #2 were exploited in the commercial sex trade by the legal brothel and strip clubs named in this suit. Disclosure of their identities will reveal information that is of a highly sensitive and personal nature, which weighs in favor of allowing them to proceed anonymously. Plaintiffs are the victims of crimes including sex trafficking and sexual assault – on which this lawsuit is based – and are similarly vulnerable to social stigma.

Additionally, if Plaintiffs Jane Doe #1 and Jane Doe #2 are publicly identified, it will further exacerbate the ongoing psychological harm, trauma, and physical abuse already suffered. Sex trafficking attacks its victims' dignity and value as a person; it erases the victim's choice and makes the victim doubt their own self-worth.[2] This is compounded by the trauma of sexual abuse, which includes never being able to leave the site of the violation because it happened to one's own body - yet facing systemic doubt, ridicule, minimization, and even threats regarding

---

[2] *See* United Nations: Office on Drugs and Crime, *Breaking the Silence on Human Trafficking*, https://www.unodc.org/unodc/en/frontpage/breaking-the-silence-on-human-trafficking.html.

5

that violation.

There exists a psychological vulnerability and potential for severe harm to even the strongest of sex trafficking survivors that is easily exacerbated. Survivors of sex trafficking who have been able to thrive after their ordeal and speak openly about the offenses they were subject to explain that it takes a great deal of incredibly difficult work to reach that point.[3] Even at the most advanced stages of healing, many survivors are not willing to go public with their stories. Survivors struggle with "re-living the traumas over again through flashbacks, overwhelming intrusive and negative thoughts, feeling consumed by emotions of shame and guilt, thinking that they are living in hiding and unable to let themselves be truly seen, and experiencing fleeting feelings of dignity and respect."[4]

Additionally, victims of sex trafficking and sexual abuse are also uniquely vulnerable in this current age of technology, where thoughts, comments, and opinions, whether accurate or inaccurate, exist forever on social media. *See Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case."). Sex traffickers are experts in psychological manipulation; they use degrading and dehumanizing tactics to keep their victims enslaved and in fear. To certain segments of society, the victims are sometimes viewed as "at fault" for what happened to them.

---

[3] Ruth Rondon, *Understanding the 4 Stages of Recovering from Sex Trafficking*, HUMAN TRAFFICKING LEARNING, (2017) 1- 7, 5 (This guide is written by a well-published survivor of sex trafficking and is attached hereto as "Exhibit 1.").

[4] *Id.* at 3.

Plaintiffs' reasonably fear their safety will be compromised if the traffickers who are not part of this case or the sex buyers who exploited them see their names in a lawsuit. Thrusting Plaintiffs into the public spotlight will encourage media attention, and questions focusing on them personally will cause severe embarrassment and psychological harm to Plaintiffs, which could be catastrophic to their recovery, and could put them in serious physical danger as well. Moreover, Plaintiffs need protection from any misuse of their information by the sexual exploiters that they have sued as defendants in this case.

Therefore, to subject Plaintiffs to such danger and unsolicited feedback online through public disclosure of their identities—when what they seek from this litigation is to come a step closer to being made whole again—will perpetuate and exacerbate the same harms that they have already suffered. Given the above, and that public identification of Jane Doe #1 and Jane Doe #2 in this case will cause additional severe mental and psychological harm, the factors weigh in favor of allowing Plaintiffs to proceed pseudonymously.

**II.  The public interest in victims bringing cases against sex traffickers and their facilitators is furthered by allowing Plaintiffs to proceed anonymously.**

There is a public interest in allowing society to scrutinize government functions, including open access to attend and observe both criminal and civil proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 599-600 (1980). Party anonymity does not inhibit the public interest in an open trial in the way that closure of a courtroom does; rather, the public can still attend and observe a trial while the plaintiff proceeds under a pseudonym, thus preserving the constitutional interest in ensuring that "[w]hat transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).

Courts must balance the plaintiff's privacy and security needs against the defendant's

and the public's interest in fair, open legal proceedings, as well as the public's interest in having certain cases brought. *See Advanced Textile Corp.*, 214 F.3d at 1073 ("The public also has an interest in seeing this case decided on the merits. Employee suits to enforce their statutory rights benefit the general public.") And: "The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). "The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself, as the assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Richmond Newspapers, Inc.*, 448 U.S. at 599-600.

Here, the public interest is not harmed by allowing Plaintiffs to proceed anonymously. While the presumptive openness of proceedings is a cornerstone of the American legal system, there is a greater interest in affording victimized plaintiffs, such as Jane Doe #1 and Jane Doe #2, their day in court without the defendants deterring them from pursuing their claims by forcing their public identification.

One of the main deterrents to reporting sex crimes and crimes of human trafficking is the survivor's fear that his or her identity will become known, and, as such, the survivor's individual privacy right overcomes the public interest of knowing the survivor's identity. Society is better served by incentivizing victims of these horrific crimes to come forward instead of enabling the perpetrators and facilitators to remain unaccountable and continue to commit or enable such crimes. *See Advanced Textile Corp.*, 214 F.3d at 1072-73.

Relatedly, the public has an interest in seeing cases tried on their merits, especially civil rights cases. *Id.* at 1073. In *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), the plaintiff filed a class action under the Fair Labor Standards Act based on conditions

in a garment factory. The plaintiff proceeded using pseudonyms due to the fear of severe retaliation by the Chinese government, including physical violence, deportation to China, arrest, and imprisonment. The Ninth Circuit, considering the public interest factor, noted: "[A]s the Supreme Court has recognized, fear of . . . reprisals will frequently chill [a person's] willingness to challenge . . . violations of their rights." *Id.* (citing *Mitchell v. De Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)). Measures that may have a chilling effect on a party's willingness to litigate "violations of statutes are generally considered against public policy." *Id.* In such cases, permitting the plaintiff to use pseudonyms "will serve the public's interest in this lawsuit by enabling it to go forward." *Id.*

Relatedly, this district has found that the public has an interest in victims of sexual assault not being "deterred from reporting such crimes or pursuing their civil rights because of fear of embarrassment or public stigma." *Doe v. JBF RAK LLC*, No. 2:14-CV-00979-RFB-GWF, 2014 WL 5286512, at *4 (D. Nev. Oct. 15, 2014) (cleaned up) (not permitting sexual assault victim to proceed anonymously against abuser; he already knew her identity and the allegations were atypical for a sexual assault case, related to who had legal ownership of certain gifts). That Nevada has specifically enshrined a victims' bill of rights in its constitution only underscores that public interest. NEV. CONST. ART. I, § 8A.

Compelling the identification of Plaintiffs Jane Doe #1 and Jane Does #2 will discourage them from pursuing legal redress for their abuse and deter other sex trafficking litigation. Denying victims of sex trafficking anonymity in the appropriate circumstances—such as here where retaliation is a major concern, will discourage them from pursuing legal redress for their abuse. That is, the public has a strong interest in sex trafficking victims being able to file lawsuits against perpetrators and facilitators without fear of reprisal.

Given the public's interest in victims bringing lawsuits against sex trafficking, especially where it is systemic, and the Defendants' ability to receive all necessary information about Plaintiffs under a forthcoming protective order, the transparency and fairness factors do not overcome Does' need for anonymity here.

### III. Defendants will not be prejudiced by Plaintiffs bringing their claim using a pseudonym if Defendants can access Plaintiffs' identities under the terms of a forthcoming protective order.

Generally, courts nationwide have determined that while a plaintiff's identity may be protected from the general public, it will prejudice the defendant to not know whom to investigate and will frustrate the defendant's ability to participate meaningfully in discovery without knowing the identity of the accuser. It is well established that when balancing the different interests involved in cases such as these, "courts have permitted parties to enter into protective orders that permit the limited disclosure of a plaintiff's identity for discovery purposes on the condition that the defendants do not disclose it to the general public." *Advanced Textile Corp.*, 214 F.3d at 1069.

As previously mentioned, Plaintiffs Jane Doe #1 and Jane Doe #2 are willing to provide their identities to Defendants once the currently pending dispositive motions are resolved and subject to a protective order that prohibits disclosure to third parties or misuse for any purpose. Plaintiffs also seek redaction of their personally identifying information from the public docket. Furthermore, there is no alternative mechanism for protecting the identities of Plaintiffs. The proposed protective order would address any concerns about Defendants preparing their defense and prevent pseudonymity from negatively affecting their rights to know whom they are facing should this case proceed to discovery. With this concession in place, Defendants will not be prejudiced if Plaintiffs' motion is granted and, therefore, this factor weighs heavily in favor of

allowing Plaintiffs to proceed under a pseudonym.

## **CONCLUSION**

The balancing test clearly demonstrates that Plaintiffs Jane Doe #1 and Jane Doe #2's need for anonymity outweighs the countervailing public interest of disclosure. Further, there is little to no prejudice to Defendants due to the protective order.

For the foregoing reasons, the Court should grant Plaintiffs' motion to proceed in this litigation under the pseudonyms of Jane Doe #1 and Jane Doe #2. The Court should further order that all material filed in this action, all judgments, and any other documents relating to this action shall refer to Plaintiffs as Jane Doe #1 and Jane Doe #2 without additional identifying information. All Plaintiffs further request that this Court order that any release, disclosure, or misuse of Plaintiffs' identities by Defendants to anyone outside of the terms of the forthcoming protective order be sanctionable and accountable to the fullest extent of the law.

Dated the 2nd day of August 2024.

Respectfully submitted,

*/s/ Jason D. Guinasso*
Jason D. Guinasso (SBN# 8478)
GUINASSO LAW, LTD.

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
NATIONAL CENTER ON
SEXUAL EXPLOITATION
*admitted Pro Hac Vice*
*Attorneys for Plaintiffs*

**ELECTRONIC CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on this 2nd day of August 2024, a true and correct copy of the foregoing MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

                                                                         _/s/ B. Francis_

# **EXHIBIT INDEX**

| EXHIBIT | DESCRIPTION | PAGES* |
|---|---|---|
| 1 | Ruth Rondon, *Understanding the 4 Stages of Recovering from Sex Trafficking*, HUMAN TRAFFICKING LEARNING, (2017) 1- 7, 5 | 9 |

***Including cover page**