Jason D. Guinasso, Esq
Nevada Bar No. 8478
GUINASSO LAW, LTD.
5371 Kietzke Lane
Reno, NV 89511
Jason@guinassolaw.com

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
Telephone: (202) 393.7245
lawcenter@ncose.com

*Admitted Pro Hac Vice

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS; JANE DOE #1; JANE DOE #2,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVE SISOLAK, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; THE CITY OF LAS VEGAS; CLARK COUNTY; NYE COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST LLC; JAMAL RASHID; MALLY MALL MUSIC, LLC; FUTURE MUSIC, LLC; PF SOCIAL MEDIA MANAGEMENT, LLC; E.P. SANCTUARY; BLU MAGIC MUSIC, LLC; EXCLUSIVE BEAUTY LOUNGE LLC; FIRST INVESTMENT PROPERTY LLC; | Case No.: 2:21-cv-01676-APG-VCF<br><br>Dept. No.:<br><br>**FIRST AMENDED JOINT [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER (PURSUANT TO ECF NO. 213)**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

V.I.P. ENTERTAINMENT, LLC; MP3 PRODUCTIONS, INC.; MMM PRODUCTIONS, INC.; SHAC, LLC D/B/A SAPPHIRE GENTLEMAN'S CLUB AND/OR SAPPHIRE; SHAC MT, LLC; and LAS VEGAS BISTRO, LLC D/B/A LARRY FLYNT'S HUSTLER CLUB;

Defendants.

Plaintiffs ANGELA WILLIAMS; JANE DOE #1; AND JANE DOE #2, by and through their counsel of record, GUINASSO LAW, LTD. and NATIONAL CENTER ON SEXUAL EXPLOITATION; Defendants LAS VEGAS BISTRO, LLC D/B/A LARRY FLYNTS HUSTLER CLUB by and through its counsel of record SHAFER & ASSOCIATES, P.C.; WESTERN BEST, INC. D/B/A CHICKEN RANCH and WESTERN BEST, LLC by and through its counsel of record FOX ROTHSCHILD LLP; SHAC, LLC DBA SAPPHIRE GENTLEMAN'S CLUB and/or SAPPHIRE and SHAC, MT, LLC (collectively, "SHAC Defendants"), by and through their counsel of record LEWIS ROCA ROTHGERBER CHRISTIE, LLP; hereby submit this First Amended Proposed Joint Discovery Plan and Scheduling Order, pursuant to ECF No. 213.[1,2]

---

[1] Defendants Steven Sisolak, Aaron Ford, Clark County, Nye County, and the City of Las Vegas were dismissed from this matter on November 7, 2022 (ECF No. 192); this case was stayed pending Plaintiffs' appeal of ECF 192; The Ninth Circuit issued its decision affirming this Court's dismissal order as to the government defendants in December 2023. (ECF No. 198). On June 21, 2024, this Court lifted the Stay (ECF No. 209).

[2] Defendant Las Vegas Bistro, LLC states that pursuant to Doc. 112, its deadlines are presently abated pending the Court's entry of its final order on Plaintiffs' Motion for Protective Order, [Doc. 50, and/or the to-be-filed renewed motion for protective order, because on January 10, 2022, this Court ordered (ECF No. 123) that the Clerk of Court administratively remove the Motions for Protective Order (ECF No. 2 and 50 ) from the list of undecided motions on the Court's docket until further order of the court, and that no oppositions to the Motions for Protective Order have been filed]. Defendant Las Vegas Bistro, LLC and the SHAC Defendants do not wish to take any actions that could be construed as inconsistent with the right to arbitrate and do not waive their respective rights to arbitrate in this matter. Therefore, Defendant Las Vegas Bistro, LLC joins this First Amended Joint [Proposed] Discovery Plan and Scheduling Order pursuant to the Court's order to meet and confer and submits a new discovery plan and scheduling order, [Doc. 213], and only to the extent that the relief requested hereby is consistent with its current status in the case, i.e., that its deadlines remain abated until the Court's entry of its final order on Plaintiffs' Motion for Protective Order, and its rights to arbitrate are preserved. The SHAC Defendants join this First Amended Joint [Proposed] Discovery Plan and Scheduling Order pursuant to the Court's order to meet and confer and submit a new discovery plan and scheduling order, [Doc. 213], and only to

On July 17, 2024, a Status Conference was held before the Honorable Magistrate Judge Maximiliano D. Couvillier. (ECF No. 213). At the Status Conference it was ordered that the parties were to meet and confer to submit a new discovery plan and scheduling order by August 2, 2024. Further, it was ordered that Plaintiffs' motion for protective order was to be filed on the same day as the new discovery plan and scheduling order. (ECF No. 213).

**Additional FRCP 26(f) Conference.** On July 31, 2024, a meet and confer was held via Zoom Video Conference to discuss the protective order and this Amended Proposed Discovery Plan and Scheduling Order by participating in an additional discovery and scheduling conference (the "Conference") to discuss all of the issues required by Federal Rule Civil Procedure 26(f).

Jason D. Guinasso, Esq. and Christen M. Price, Esq. appeared for Plaintiffs; Deanna Forbush, Esq. appeared for Defendants Western Best, LLC, Western Best Inc. d/b/a Chicken Ranch, and Defendant Las Vegas Bistro, LLC dba Larry Flynt's Hustler Club; Ogonna M. Brown, Esq. and Casey T. Wallace, Esq. appeared for SHAC, LLC d/b/a Sapphire Gentleman's Club and/or Sapphire and SHAC MT LLC. The parties' initial disclosures or supplemental disclosures will be made within **30 days after this Court's decision on Plaintiffs' Motion for Protective Order**.

The Parties now propose the following first amended discovery plan:

**A. Statement of the reasons why longer or different time periods should apply to the case:**

As stated above, Defendants Steven Sisolak, Aaron Ford, Clark County, Nye County, and the City of Las Vegas were dismissed from this matter on November 7, 2022 (ECF No. 192); this case was stayed pending Plaintiffs' appeal of ECF 192; The Ninth Circuit issued its decision affirming this Court's dismissal order as to the government defendants in December 2023. (ECF No. 198). On June 21, 2024, this Court lifted the Stay (ECF No. 209).

---

the extent that the relief requested hereby is consistent with its current status in the case, and its right to arbitrate are preserved.

On July 17, 2024, a Status Conference was held before the Honorable Magistrate Judge Maximiliano D. Couvillier. (ECF No. 213). At the Status Conference it was ordered that the parties were to meet and confer to submit a new discovery plan and scheduling order by August 2, 2024. Further, it was ordered that Plaintiffs' motion for protective order was to be filed on the same day as the new discovery plan and scheduling order. (ECF No. 213). Different time periods must apply to this case, because all time periods pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(b) have passed while the stay was in place. The below deadlines have been agreed upon by all the parties.

1. **Discovery Cut-Off Date:** The proposed new cut-off date for discovery shall be **Friday, February 28, 2025.** The parties agree to revisit this deadline and remaining deadlines in good faith and as needed based on the availability of the witnesses and/or documents.

2. **Amending the Pleadings and Adding Parties**: The proposed new deadline for all motions to amend the pleadings or to add parties shall be filed no later than **November 29, 2024**, ninety (90) days prior to the proposed new close of discovery.

3. **Later Appearing Parties:** A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The proposed new deadline for disclosures concerning initial experts shall be made by **Tuesday, December 31, 2024**, sixty (60) days before the proposed discovery cut-off date. The proposed new deadline for disclosures concerning rebuttal experts shall be made by **Thursday, January 30, 2025,** thirty (30) days after the initial disclosure of experts.

5. **Dispositive Motions:** The proposed new deadline for filing dispositive motions shall not be later than **March 31, 2025,** thirty (30) days after the proposed discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed discovery plan and scheduling order, the date for filing dispositive motions shall

be extended to be not later than thirty (30) days from the subsequent discovery cut-off date.

6. **Pretrial Order:**  The proposed new deadline for filing the joint pretrial order shall not be later than **Thursday May 1, 2025**, thirty (30) days after the cut-off for filing dispositive motions.  **In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the court.**  In the further event that the discovery period is extended from the discovery cut-off date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

7. **Fed. R. Civ. P. 26(a)(3) Disclosures:**  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections hereto, shall be included in the joint pretrial order.

8. **Electronic Filing:** The attorneys of record in this matter are registered for electronic filing with this Court.  Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court.

9. **Electronic (Email) Service of Documents NOT filed with the Court:** The attorneys of record in this matter communicate via email; and, they have agreed that any documents to be served in this case (other than documents that must be electronically filed with this Court) may be served electronically through email.  A document is deemed to be sufficiently served on the other parties as of the date that the document is emailed.  The parties may, but are not required, to also mail a paper copy of documents to be served on other parties.  If any documents are too large to be served via email, the parties will serve them by regular mail.

    a. For a document to be deemed served upon Defendant Las Vegas Bistro, LLC under this paragraph, it must be emailed to all of the following email addresses: Zack@BradShaferLaw.com, ECF@BradShaferLaw.com, and dforbush@foxrothschild.com.

    b. For a document to be deemed served upon the SHAC Defendants under this paragraph, it must be emailed to all of the following email addresses:

obrown@lewisroca.com and cwallace@wallaceallen.com.

10. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), The parties have previously conferred at the initial FRCP 26(f) conference about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and settlement has been considered and discussed by the parties at the previous FRCP 26(f) conference on December 16, 2021. The parties agree to continue to explore the possibilities of settlement as this case proceeds.

**11. Alternative Forms of Case Disposition:** At this time, and subject to any party's jurisdictional defenses, motions, or objections, the parties, except Defendant Las Vegas Bistro, LLC and the SHAC Defendants, which maintain that to the extent that a valid arbitration agreement exists between either of them and either or both of the Plaintiffs, all claims against them must proceed in arbitration and not before the United States District Court, believe that this case is properly suited to proceed before the U.S. District Court. The parties previously considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program at the previous FRCP 26 (f) conference on December 16, 2021.

12. **Electronic Evidence:** The parties do not at this time anticipate any issues about disclosures or discovery of electronically stored information, if any, including the form or forms in which it should be produced. The parties shall meet and confer and otherwise work in good faith with respect to the production of electronically stored information should any dispute arise. In this case a jury trial has been demanded. The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. To date, no stipulations of the parties have been reached regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system. The parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

13. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

14. **Subjects of Discovery**. Subject to any party's jurisdictional defenses, motions, or objections, the parties agree that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

15. **Discovery Phases**. The parties do not believe it is necessary to conduct discovery in phases.

16. **Document Production**. All documents produced in this action will be delivered as either hardcopy documents or Portable Document Format ("PDF") images unless the requesting party specifically requests that any responsive electronic documents be produced in native format.

17. **Written Discovery.** The parties mutually agree to provide Word versions of any propounded written discovery requests to the responding party so as to facilitate the process of providing responses.

18. **Plaintiffs' Motions For Protective Order and Leave to Proceed Anonymously**

The parties conferred regarding proposed revisions to Plaintiffs' proposed protective order. Pursuant to this honorable Court's Order (ECF No. 213), Plaintiffs will be refiling a Motion for Protective Order on the same date as submission of this First Amended Proposed Scheduling Order and However, no agreements have been reached to date. Pursuant to the Court's Order granting Plaintiffs' and Defendant Las Vegas Bistro, LLC's Stipulation to Abate all of Defendant Las Vegas Bistro, LLC's Deadlines, [Doc. 112], Defendant Las Vegas Bistro, LLC's deadlines remain abated pending resolution of Plaintiffs' refiled Motion for Protective Order.

| | |
|---|---|
| DATED this 5nd day of August, 2024.<br><br>**GUINASSO LAW, LTD.**<br><br>/s/ *Jason D. Guinasso*<br>Jason D. Guinasso, Esq.<br>Nevada Bar No. 8478<br>5371 Kietzke Lane<br>Reno, Nevada 89511<br>Jason@guinassolaw.com<br><br>**NATIONAL CENTER ON SEXUAL EXPLOITATION**<br><br>Benjamin W. Bull*<br>Peter A. Gentala*<br>Dani Bianculli Pinter*<br>Christen M. Price*<br>1201 F Street, NW, Suite 200<br>Washington, DC 20004<br>202.393.7245<br>bbull@ncose.com<br>pgentala@ncoselaw.org<br>dpinter@ncoselaw.org<br>cprice@ncoselaw.org<br><br>*Admitted Pro Hac Vice*<br><br>*Attorneys for Plaintiffs* | DATED this 5th day of August, 2024.<br><br>**FOX ROTHSCHILD LLP**<br><br>/s/ *Deanna Forbush*<br>Deanna Forbush, Esq.<br>Nevada Bar No. 6646<br>Rex Garner, Esq.<br>Nevada Bar No. 9401<br>John M. Orr, Esq.<br>Nevada Bar No. 14251<br>1980 Festival Plaza Drive, Suite 700<br>Las Vegas, NV 89135<br>Telephone: (702) 699-5169<br>Facsimile: (702) 597-5503<br>dforbush@foxrothschild.com<br>rgarner@foxrothschild.com<br>jorr@foxrothschild.com<br><br>*Attorneys for Defendants Western Best, LLC and Western Best Inc. d/b/a Chicken Ranch* |

| | | |
|---|---|---|
| 1 | DATED this 5th day of August, 2024. | DATED this 5th day of August, 2024. |
| 2 | **SHAFER & ASSOCIATES, P.C.** | **LEWIS ROCA ROTHGERBER CHRISTIE LLP** |
| 3 | | |
| 4 | /s/ Zachary Youngsma | /s/ Oganna Brown |
| 5 | Zachary M Youngsma, Esq.<br>Nevada Bar No. 15680 | Ogonna M. Brown, Esq.<br>Nevada Bar No. 7589 |
| 6 | 3800 Capital City Blvd., Ste. 2<br>Lansing, MI 48906 | 3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169 |
| 7 | T: 517-886-6560<br>F: 517-886-6565 | T: (702) 949-8200<br>F:(702) 949-8398 |
| 8 | Zack@BradShaferLaw.com | OBrown@lewisroca.com |
| 9 | | |
| 10 | **FOX ROTHSCHILD LLP** | WALLACE & ALLEN, LLP<br>Casey T. Wallace, Esq. |
| 11 | /s/ Deanna Forbush | William X. King, Esq.<br>440 Louisiana, Suite 1500 |
| 12 | Deanna Forbush, Esq.<br>Nevada Bar No. 6646 | Houston, Texas 77002 |
| 13 | Rex Garner, Esq.<br>Nevada Bar No. 9401 | T:(713) 227-1744<br>F:(713) 227-0104 |
| 14 | John M. Orr, Esq.<br>Nevada Bar No. 14251 | cwallace@wallaceallen.com<br>wking@wallaceallen.com |
| 15 | 1980 Festival Plaza Drive, Suite 700<br>Las Vegas, NV 89135 | *Admitted Pro Hac Vice |
| 16 | Telephone: (702) 699-5169<br>Facsimile: (702) 597-5503 | *Attorneys for SHAC, LLC d/b/a Sapphire Gentleman's Club and/or Sapphire and SHAC MT LLC* |
| 17 | dforbush@foxrothschild.com<br>rgarner@foxrothschild.com | |
| 18 | jorr@foxrothschild.com | |
| 19 | | |
| 20 | *Attorneys for Defendant Las Vegas Bistro, LLC* | |
| 21 | | |

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2024.

_____
UNITED STATES JUDGE