**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Angela Williams, *et al.*,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Steve Sisolak, *et al.*,<br><br>　　　　　　Defendant(s). | 2:21-cv-01676-APG-MDC<br><br>**Order:**<br>**[1] Granting in Part Motion to Proceed Anonymously;**<br>**[2] Granting Stipulation; and**<br>**[3] Granting in Part and Denying in Part Motion to Strike** |

Pending before the Court are the *Motion to Proceed Pseudonymously* ("Motion") (ECF No. 215); *Amended Stipulated Discovery Plan and Scheduling Order* ("Stipulation") (ECF No. 216); and defendants' *Motion to Strike Status Report* ("Motion to Strike") (ECF No. 226). The Court has reviewed these matters. For the reasons stated below, the Motion is GRANTED in part; the Stipulation is GRANTED; and the Motion to Strike is GRANTED IN PART and DENIED IN PART.

**DISCUSSION**

**I. BACKGROUND**

This is a case arising from alleged sex trafficking of plaintiffs by defendants. *See* ECF No. 49. Pursuant to the Order (ECF No. 171) granting the Motions to Dismiss in part, the only surviving claims are against Western Best LLC and Western Best, Inc. *d/b/a* Chicken Ranch (collectively "**Western Best defendants**"); SHAC LLC and SHAC, MT LLC (collectively "**Sapphire Club**"); and Las Vegas Bistro, LLC. *See generally* ECF No. 171. Specifically, the remaining claims are (1) Jane Doe #1's Trafficking Victims Protections Reauthorization Act ("TVPRA") claims against the Western Best defendants; (2) Jane Doe #2's TVPRA claims against Sapphire Club; and all claims against Las Vegas Bistro, LLC. *See* ECF No. 171 at 14 fn.9; ECF No. 171 at 18. Sometime after the Motion to Dismiss was granted in part, the case was stayed for almost two years while the case was on appeal. *See* ECF No. 191. The Stay was lifted in June of this year and a status conference was held a few weeks later. *See* ECF Nos. 209, 213. At

the status conference, the Court ordered plaintiffs to resubmit their Motion for Protective Order/Motion for Leave to Proceed Pseudonymously. ECF No. 213. Presently before the Court is that Motion.

## II. MOTION TO PROCEED PSEUDONYMOUSLY

### A. Legal Standard

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal citations omitted). "This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Id.* (internal citations omitted). However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted). The Ninth Circuit has allowed "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067-68 (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). "A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. In balancing these factors, courts have permitted plaintiffs to use pseudonyms in three situations:

> (1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.

*Advanced Textile Corp.*, 214 F.3d at 1068.

If a party seeks to proceeds anonymously based on retaliatory harm, a district court must balance five factors:  (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing

party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (citing *Advanced Textile Corp.*, 214 F.3d at 1068) (internal citations omitted). However, if a party does not allege a risk of retaliatory harm, courts engage in a condensed analysis and weigh "(1) the party's interest in anonymity, including the severity of any likely harm; (2) any prejudice to the opposing party; and (3) the public's interest." *Doe v. United Airlines, Inc.*, 2018 U.S. Dist. LEXIS 141573, at *2-3 (D. Nev. Aug. 21, 2018) (internal citations omitted).

### B. Analysis

The Jane Doe plaintiffs argue that they face a risk of retaliatory harm, and that anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature. *See generally* ECF No. 215. Defendants[1] filed an opposition, arguing that Jane Doe #2[2] has not met her burden in seeking to proceed pseudonymously. *See* ECF Nos. 219, 220. Plaintiffs' arguments seem to address the risk of retaliatory harm in conjunction with the privacy implications. The Court addresses the situations separately, below. In sum, although plaintiffs do not sufficiently show a risk of retaliatory harm, they have shown, for the purposes of discovery, that this matter is of a sensitive and highly personal nature.

#### a. Risk Of Retaliatory Harm

Neither Jane Does have shown that she is at risk of retaliatory harm, and that the risk outweighs prejudice to defendants and the public interest. More specifically, although prejudice to the defendants and the public interest factors seems to favor anonymity, the Jane Does have failed to make a showing that: (1) there is a fear of severe harm and that the fear is reasonable; and (2) they are vulnerable to such harm.

//

//

//

---

[1] Defendants refer to the Western Best defendants and Sapphire Club.
[2] Although the defendants are do not address the anonymity of Jane Doe #1, the Court discusses both Jane Does in its analysis.

### i. Severity Of The Threatened Harm and Reasonableness Of The Fears

The first two *Advanced Textile* factors are "intricately related and should be addressed together." *Kamehameha*, 596 F.3d at 1043. "In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable." *Id.* (emphasis in original). The harm alleged cannot be "typical" and must be "extraordinary." *See Advanced Textiles*, 214 F.3d at 1070-72. Plaintiffs are "not required to prove that the defendants intend to carry out the threatened retaliation. What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out." *Id.* at 1071. Here, plaintiffs have not stated what retaliation they face and from whom. Plaintiffs generally argue that their identity as survivors of sexual abuse and sex trafficking puts them at risk for severe harm, however, plaintiff does not provide any individualized showings. *See Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (citing *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008); *United States v. Parish*, 308 F.3d 1025, 1032 (9th Cir. 2002)) (mere membership in a group or class without a showing of an individualized finding is insufficient to make the case extraordinary). Therefore, the Court finds that these factors in conjunction, weigh against anonymity.

### ii. Vulnerability To Such Retaliation

Plaintiffs allege that as victims of sexual abuse and sex trafficking generally makes them particularly vulnerable to harm. *See* ECF No. 215. However, as the Court previously noted, membership in a group without a more individualized showing is not an extraordinary case. *See Ayers*, 789 F.3d at 946. Plaintiffs have not shown that the circumstances surrounding the Jane Does establish an individualized finding of vulnerability. Furthermore, any fear of retaliation by defendants is mitigated by the fact that (1) the Jane Doe plaintiffs are no longer employed under the defendants and (2) they do not reside in Nevada (*See* ECF No. 49). *See Doe v. City of Las Vegas*, 2019 U.S. Dist. LEXIS 106645, at *7 (D. Nev. June 25, 2019) (potential for vulnerability mitigated because plaintiff no longer lived in Nevada).

### iii. Prejudice To The Opposing Party

In determining motions to proceed anonymously, courts analyze prejudice each stage of the litigation process. *Advanced Textile*, 214 F.3d at 1068 ("The court must also determine the precise prejudice at each stage of the proceedings…"). Defendants argue that allowing the Jane Does to proceed anonymously would greatly prejudice them. *See* ECF No. 219 at 6-7. They argue that "[w]ithout the ability to use Jane Doe #2's name, [d]efendants are forced to litigate with their hands being their backs." *Id.* at 6:10-11. However, defendants do state that "[a]t the very least" they will need Jane Doe #2's name for "discovery purposes" and "will need to identify [her] to third-party witnesses." *Id.* at 6:17-18. Based on these statements, prejudice to defendants at the discovery stage of litigation is minimal. Plaintiffs have already stated that they are willing to disclose the identities of the Jane Does to the defendants under a protective order. ECF No. 215 at 10. Thus, "whatever knowledge defendants have of plaintiffs' identifies . . . lessens their claims to be prejudiced by the use of pseudonyms." *Advanced Textile,* 214 F.3d at 1069 n. 11. A protective order would address concerns regarding the discovery process and concerns regarding third parties. "The Ninth Circuit in *Advanced Textile* alluded to the court's 'powers to manage pretrial proceedings' to shape discovery and avoid impediments that anonymity might raise. This might include, for example, issuing limited protective orders allowing the plaintiffs' names to be revealed to significant third parties, in a way that protects the plaintiffs' interests sufficiently, 'without prejudicing the opposing party's ability to litigate the case.'" *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F.Supp. 3d 990, 996 (N.D. Cal. 2015) (citing and quoting *Advanced Textile,* 214 F.3d at 1069-1072) (internal citations omitted). "A district court with subject-matter jurisdiction over a case has the power to issue orders relating to third parties." *Advanced Textile Corp.*, 214 F.3d at 1070 (citing *Seattle Times v. Rhinehart*, 467 U.S. 20, 37, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984)) (affirming district court's entry of a protective order limiting disclosure of the products of pretrial discovery); Fed. R. Civ. P. 26 (c) (authorizing the district court to enter protective order limiting public disclosure of discovery). Thus, a protective order would minimize prejudice to the defendants during discovery stage. Defendants argue

that they will be prejudiced without their ability to enlist the press's interest. ECF No. 2019 at 6:11-12. However, such argument is not persuasive because this matter is at the discovery stage of litigation. *See Seattle Times Co.*, 467 U.S. at 33 ("[P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law."). Therefore, this factor weighs in favor of anonymity, at least during the pretrial stage.

### iv. Public Interest

There are two competing public interests at issue in this case. First is the presumption of an open judicial proceeding – the rights of the public to know who is seeking what in court and whether he or she is entitled to the relief sought. The second is the collective interest which seeks to ensure that sexual assault plaintiffs are not deterred from bringing their claims. *See Humphries v. Button*, 2022 U.S. Dist. LEXIS 43867, at *12 (D. Nev. March 11, 2022) (internal citations omitted). Courts have generally held that the interest in encouraging sexual assault plaintiffs to bring suits against their abusers outweighs the public interest in open proceedings; however, there is a greater conflict of interest here because plaintiffs seek far broader relief than just monetary compensation or individual relief. In addition to monetary damages, plaintiffs seek "a declaratory judgment as currently implemented and enforced by state and local practices and policies, [that certain] statutes are unconstitutional" and "an injunction preventing all defendants from implementing or enforcing" certain statutes and ordinances. ECF No. 49 at 54, ¶¶A, B. These remedies have the potential to affect far more parties than those involved in this case and upend Nevada statutory law otherwise allowing the activity that could be subject to such injunctive relief. The public, and those non-parties who would be affected by the relief sought by plaintiffs, have a right to know who is bringing such a suit seeking such wide-reaching, public remedies. On the other hand, there is a collective interest in ensuring sexual assault victims are not deterred from bringing suit. In sum, the balance of interest is neutral.

//

//

### b. Preservation Of Privacy

Plaintiffs have failed to show that there is a risk of retaliatory harm and that such risk outweighs prejudice to the defendants and public interest. Thus, the only way plaintiffs can proceed anonymously is if they can show that their privacy interests outweigh prejudice to the defendants and the public interest. Defendants argue that plaintiffs waived any privacy concerns when their counsel released a statement to the press regarding this matter. ECF No. 219 at 5. Defendants rely on *Doe v. City of Las Vegas* in support of their argument. *See* 2019 U.S. Dist. LEXIS 106645. The Court agrees with defendants that such media campaigning undermines plaintiffs' claimed privacy interest. *See City of Las Vegas,* 2019 U.S. Dist. LEXIS 106645, at *5 ("Plaintiff's steps to publicize the case and other actions she has endorsed are inconsistent with a desire to remain anonymous."). Plaintiffs argue that this case is distinguishable from *City of Las Vegas*. ECF No. 221 at 5. Plaintiffs argue that, in contrast to *City of Las Vegas*, their press statements are "brief and general." ECF No. 221 at 5:17-20. Some courts have found "comments of the plaintiffs' counsel in the media and on social media — which do not reveal the plaintiffs' identities and may, of course, be subject to other limitations — are consistent with the plaintiffs' request to proceed anonymously." *Doe v. NCAA*, 2022 U.S. Dist. LEXIS 156695, *8-9 (N.D. Cal. Aug. 30, 2022). Taken as a whole and taking into consideration the public interest in encouraging victims of sexual abuse to bring suits against their assaulters, the Court finds that plaintiffs' privacy interest, for discovery purposes, slightly weighs in favor of proceeding anonymously at this juncture. The Court recognizes that cases such as this can involve matters that are sensitive and highly personal in nature and out of abundance of caution finds that anonymity is appropriate for discovery. When raised by the parties, the Court will readdress this issue with respect to anonymity as to trial or with respect to dispositive motions or other disposition on the merits. *C.f. Alexander v. Falk*, 2017 U.S. Dist. LEXIS 139454, at *19 (D. Nev. Aug. 30, 2017) (allowing plaintiffs to proceed under their professional pseudonym and without disclosing their names to the defendants or public up until the time of trial).

//

//

### III. PROTECTIVE ORDER & DEFENDANTS' MOTION TO STRIKE

As discussed above, a protective order would address concerns regarding prejudice. Prior to filing their Motion, plaintiffs proposed a protective order to defendants. In a conciliatory effort to avoid motion practice, defendants largely agreed to such proposed order but for two minor edits, which plaintiffs rejected. *See* ECF No. 219; *see also* ECF No. 220 (joinder by Western Best, LLC and Western Best, Inc. dba Chicken Ranch). At the 10/02/24 Hearing, the Court gave the parties direction and ordered the parties to meet and confer regarding the defendants' edits and resubmit an amended protective order for the Court's consideration. The parties did not file the proposed order. Instead, the plaintiffs submitted a *Status Report and Notice of Compliance* ("Status Report") (ECF No. 225), which basically concludes the parties were somehow unable to resolve the minor edits raised by defendants' oppositions. Therefore, the Court will separately enter its own protective order providing for the anonymity of plaintiffs for the discovery stage of this action.

In response to plaintiffs' Status Report, defendants filed their Motion to Strike (ECF No. 226) and not consider the declarations attached to the Status Report. Defendants argue that such declarations are improper sur-replies. *Id.* The Court agrees that the declarations attached to plaintiffs' Status Report provide additional argument beyond what the Court directed the parties to do at the 10/02/24 hearing. Therefore, defendants' Motion to Strike is granted in part and the Court did not consider such declarations in the determination of plaintiffs' Motion or the issuance of the separate protective order. Defendants' Motion to Strike is denied in all other aspects.

### IV. AMENDED STIPULATED DISCOVERY PLAN

Parties submitted an *Amended Stipulated Discovery Plan* (ECF No. 216) at around the same time as plaintiff's Motion. The Court grants the amended stipulated discovery plan. Should parties need an extension on the discovery deadlines, they must file a stipulation.

//

//

## V. CONCLUSION

**IT IS ORDERED that** the *Motion to Proceed Pseudonymously* (ECF No. 215) is **GRANTED IN PART** as follows: Jane Doe #1 and Jane Doe #2 may proceed under a pseudonym for discovery purposes only. The Court does not allow Jane Doe #1 and Jane Doe #2 to proceed under a pseudonym with respect to dispositive motions, trial, or any other event disposing of the matter on the merits.

**IT IS FURTHER ORDERED that** the Court will issue a separate Protective Order.

**IT IS FURTHER ORDERED that** the *Amended Stipulated Discovery Plan* (ECF No. 216) is **GRANTED**.

**IT IS FURTHER ORDERED that** the *Motion to Strike* (ECF No. 226) is **GRANTED IN PART** and **DENIED IN PART** as provided in this Order.

DATED: November 19, 2024.

**IT IS SO ORDERED**.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge