# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA WILLIAMS, et al., | Case No.: 2:21-cv-01676-APG-MDC |
| Plaintiff | **Order (1) Granting in Part Motion for Reconsideration, (2) Remanding to the Magistrate Judge, and (3) Denying Request for Interlocutory Appeal** |
| v. | |
| JAMAL RASHID, et al., | [ECF No. 247] |
| Defendants | |

Defendant Las Vegas Bistro, LLC moves for reconsideration of my order (ECF No. 243) (1) affirming Magistrate Judge Couvillier's order that granted plaintiffs Jane Doe and Jane Doe #2 (JD2) leave to proceed pseudonymously, (2) affirming the protective order he entered, and (3) denying the defendants' motion for leave to file a reply in support of their objections. Alternatively, Bistro requests that I certify the matter for an interlocutory appeal under 28 U.S.C. § 1292(b). Defendants Western Best LLC and Western Best, Inc. join the motion. The plaintiffs oppose reconsideration.

The parties are familiar with the lengthy dispute over the plaintiffs' motions for leave to proceed under pseudonyms and the related protective order, so I do not repeat it here. I grant in part the defendants' motion for reconsideration. I order a limited remand to the magistrate judge to address the defendants' argument that Judge Couvillier did not consider a factor in the test he employed to grant the plaintiffs' motion for leave to proceed pseudonymously. Because I am remanding the matter to the magistrate judge, I deny the defendants' request to certify the matter for interlocutory appeal.

/ / / /

/ / / /

## I.  RECONSIDERATION

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (simplified); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).  Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### A.  *Lombardo* Decision

The defendants argue that Magistrate Judge Couvillier's decision was contrary to law[1] because his order did not mention the non-binding case of *Doe v. Lombardo*, No. 3:24-cv-00065-MMD-CSD.  The defendants rely on a case in which I stated that a magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of

---

[1] Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, when it has been shown the magistrate judge's ruling is clearly erroneous or contrary to law.").

procedure." *United States ex rel. Luke v. Healthsouth Corp.*, No. 2:13-cv-01319-APG-VCF, 2018 WL 3186941, at *9 (D. Nev. June 28, 2018) (quotation omitted).  The defendants assert that because they deem *Lombardo* to be "relevant," Magistrate Judge Couvillier's order was contrary to law because he did not mention it in his order.  The defendants clarify in their reply brief that they are not arguing that Judge Couvillier had to follow *Lombardo*, just that he had to "address" it. *See* ECF No. 263 at 2 ("Bistro is not, as JD2 asserts, arguing that the Court was required to follow the *Lombardo* decision." (simplified)).  I am aware of no requirement that an order must specifically address non-binding authority or otherwise it is contrary to law.  As I stated in my order affirming Judge Couvillier, the *Lombardo* decision "is neither precedential nor binding in this case, and Judge Couvillier, like all District and Magistrate Judges, is entitled to decide issues in a particular case as he sees fit." ECF No. 245 at 1.  I therefore deny reconsideration on this basis.

**B.  Defects in the Protective Order**

As for the alleged defects in the protective order, specifically the Certification of Non-Disclosure form and related provisions,[2] the defendants did not object to these specific portions of the protective order during motion practice before Judge Couvillier.  Rather, they argued generally that allowing JD2 to proceed anonymously would hamper their ability to conduct discovery. ECF No. 219 at 6-7.  Further, the defendants did not redline these provisions as objectionable when trading proposed versions of a protective order with the plaintiffs. *See* ECF No. 225-1 at 44-46, 50, 71, 81-82, 86.

The defendants first raised issues related to the Certification in their motion for leave to file a reply brief to the objections, and they raise them again in this motion for reconsideration.  I

---

[2] *See* ECF No. 230 at 7-8, 12.

1  understand that at least some of the failure to raise specific issues earlier may have been the

2  result of timing in terms of when JD2 revealed her name and Bistro thereafter having difficulty

3  getting its third-party IT vendor to sign the Certification.  Regardless, asking me to consider the

4  issue for the first time on objections to a magistrate judge order is not the proper procedure.

5  Doing so deprives Judge Couvillier of the opportunity to revise the protective order he entered

6  and introduces new issues in objections to a magistrate judge order based on a record the

7  magistrate judge did not consider.  Additionally, moving for reconsideration, instead of taking

8  the issue back to the magistrate judge as I advised in my order,[3] has wasted months of time that

9  could have been productively spent resolving these issues through meet and confers among the

10  parties and motion practice before the magistrate judge if necessary.  Indeed, the parties' briefs

11  suggest that there is room for agreement on who can be provided with the plaintiffs' real names

12  under the current protective order's terms. *See* ECF Nos. 258 at 5-6; 263 at 6.  I therefore deny

13  the defendants' motion for reconsideration on this basis.

14  **C.  Severity of Likely Harm**

15  The defendants argue that Magistrate Judge Couvillier clearly erred by not evaluating a

16  portion of one of the required factors in determining whether to allow the plaintiffs to proceed

17  pseudonymously.  Specifically, they contend that while Judge Couvillier addressed the plaintiffs'

18  interest in anonymity, he did not address the severity of any likely harm if they were not allowed

19  to remain anonymous.  They assert that it is "possible" that if Judge Couvillier weighed this

20  factor, the balance might tip against a protective order. ECF No. 247 at 13-14.

21

22
23  [3] *See* ECF No. 245 at 2 ("To the extent the defendants contend that newly discovered evidence—
particularly what they subsequently discovered about the plaintiffs—mandates revisions to the
Protective Order (ECF No. 231 at 5 n.3; ECF No. 243-1 at 2-5), that issue may be raised in a new
motion before Judge Couvillier.").

Judge Couvillier noted that "courts have permitted plaintiffs to use pseudonyms" when, as relevant here, (1) "identification creates a risk of retaliatory physical or mental harm," or (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." ECF No. 229 at 2.  Judge Couvillier also set forth the test he would apply to determine whether the plaintiffs could proceed anonymously if they did not allege a risk of retaliatory harm[4] as follows: "[C]ourts . . . weigh (1) the party's interest in anonymity, including the severity of any likely harm; (2) any prejudice to the opposing party; and (3) the public's interest." *Id.* at 3.

The defendants contend that with respect to the first factor, Judge Couvillier addressed the plaintiffs' interest in anonymity, but he did not address the severity of any likely harm.  It seems to me implicit in Judge Couvillier's order that he addressed this factor when he discussed the nature of the case as "alleged sex trafficking of plaintiffs by defendants," which by its very nature involves sexual assault; noted the "public interest in encouraging victims of sexual abuse to bring suits against their assaulters;" and stated that "cases such as this can involve matters that are sensitive and highly personal in nature." ECF No. 229 at 1, 7.  That he does not specifically use the words "severity of the harm" in his analysis does not mean he did not consider it.

However, because the defendants have raised the issue, I conclude the more prudent course is to remand the issue to Judge Couvillier.  I leave it to him to decide whether to address the defendants' argument on this point based on the record that was before him previously or if

---

[4] The plaintiffs asserted both a risk of retaliatory harm and that the case is of a sensitive and highly personal nature.  Judge Couvillier found the plaintiffs did not meet their burden of showing a risk of retaliation, and the plaintiffs did not appeal that ruling. ECF No. 229 at 3-7.

he wants to entertain additional briefs and evidence.[5]  Because I am remanding the matter to Judge Couvillier, I deny the plaintiffs' motion to certify an interlocutory appeal.

**II.  CONCLUSION**

I THEREFORE ORDER that defendant Las Vegas Bistro, LLC's motion for reconsideration **(ECF No. 247)** and defendants Western Best and Western Best LLC's joinder **(ECF No. 248) are GRANTED in part**.  I remand one issue to Magistrate Judge Couvillier as set forth in this order.  The motion is denied in all other respects, including the request for an interlocutory appeal.

DATED this 17th day of July, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Judge Couvillier previously declined to consider the plaintiffs' declarations. ECF No. 229 at 8.