UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| ANGELA WILLIAMS et al., | Case No. 2:21-cv-01676-APG-MDC |
|---|---|
| Plaintiff(s), | |
| v. | **ORDER PER REMAND** |
| JAMAL RASHID, et al., | [ECF No. 301] |
| Defendant(s). | |

Pursuant to the July 17, 2025, order (ECF No. 301)("07/17/25 Order") issued by District Judge Andrew P. Gordon, I confirm for the record that I considered and weighed the "severity of any likely harm" factor when I made my determination and issued my order dated November 19, 2024, at ECF No. 229, and further elaborate on my determination here.

I. BACKGROUND

On August 2, 2024, plaintiffs filed a *Motion to For Protective Order to Proceed Pseudonymously* (ECF No. 215)("Motion"). On November 19, 2024, I issued an order (ECF No. 229)("11/19/24 Order") granting in part and denying in part plaintiffs' Motion, among other determinations. In issuing my 11/19/24 Order, I employed the following standards at issue: If a party seeks to proceeds anonymously based on retaliatory harm, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (*citing Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)*. However, if a party does not establish a risk of retaliatory harm, courts engage in a condensed analysis and weigh "(1) the party's interest in anonymity, including the severity of any likely harm; (2) any prejudice to the opposing party; and (3) the public's interest." *Doe v. United Airlines, Inc.*, 2018 U.S. Dist. LEXIS 141573, at \*2-3 (D. Nev. Aug. 21, 2018) (internal citations omitted).

Defendant Las Vegas Bistro, LLC ("Bistro") objected to the 11/19/24 Order (ECF No. 231). On January 3, 2025, District Judge Gordon entered an order (ECF No. 245) overruling defendant's objection and affirming the 11/19/24 Order. Defendant Bistro sought reconsideration (ECF No. 247) of that January 3, 2025, order. Among other things, defendant Bistro argued that, while the 11/19/24 Order (ECF No. 229) addressed the plaintiffs' interest in anonymity, it did not address the severity of any likely harm factor if they were not allowed to remain anonymous. *See ECF No. 245 at 13-14.* District Judge Gordon noted that the 11/19/24 Order implicitly addressed that factor but remanded the matter to clarify, occasioning this order.

## II. ALLOWING PLAINTIFFS TO PROCEED PSEUDONYMOUSLY FOR DISCOVERY ONLY IS APPROPRIATE WHEN CONSIDERING ANY LIKELY HARM IF THEY WERE NOT ALLOWED TO REMAIN ANONYMOUS

Foremost, I confirm for the record that I considered and weighed the "severity of any likely harm" element when I made my determination and issued my 11/19/24 Order (ECF No. 229). Per the 07/17/25 Order (ECF No. 301) and for clarity of the record, I elaborate on my determination regarding the "severity of any likely harm."[1] The 07/17/25 Order does not request me to elaborate or revisit any other analysis or factor and thus, I do not revisit any other factor or aspect of my 11/19/24 Order.

---

[1] Given the narrow posture of this matter, I address defendant's argument based on the record that was before me at the time I issued my 11/19/24 Order and decline to entertain additional briefs or evidence. District Judge Gordon expressly directed defendants on January 3, 2025, to file a *new* motion if they believed that newly discovered evidence supported their opposition to plaintiffs' anonymity and mandated revisions to the Protective Order. *See ECF No. 245 at 2.* Defendants did not follow District Judge Gordon's direction. In his recent order, District Judge Gordon further noted that the parties have "wasted months of time" and I concur. *See ECF No. 301 at 4.* Most recently, the parties unnecessarily delayed the deposition of Jane Doe #2 and plaintiffs wasted over three months by twice failing to comply with the Court's 08/16/2024 Standing Order (ECF No. 217) regarding discovery disputes. *See ECF Nos. 284, 291, 292, 297, 298, 302.* The parties are cautioned that further dilatory conduct will result in denial of discovery and pre-trial extensions.

Plaintiffs sufficiently showed risk of likely harm and that the severity of such harm outweighs any prejudice to the defendants and the public's interest in maintaining their anonymity for discovery purposes. Plaintiffs allege to be victims of sex trafficking, sexual assault, and other crimes. *See ECF No. 215 at 5*. Plaintiffs also showed that disclosure of their identities will reveal information that is highly sensitive and personal nature and, if publicly identified, it will further exacerbate the ongoing psychological harm, trauma, and physical abuse to plaintiffs. *Id*. Plaintiffs also fear their safety would be compromised if their true identifies were disclosed. *Id. at 7*. Plaintiffs also argued to my satisfaction that the risk of such likely harm outweighs the public's interest in uncovering their identifies from the discovery in this case because there is a competing public interest in encouraging victims of sexual abuse to bring suits against their assaulters. *Id. at 9*. Plaintiffs showed to my satisfaction that the risk of likely harm outweighs any prejudice to defendants in maintaining plaintiffs' anonymity through discovery because plaintiffs were willing to disclose the identities of the Jane Doe plaintiffs to the defendants. *Id. at 10*.

### III.  CONCLUSION & ORDER

Based on the foregoing and, having considered and weighed the "severity of any likely harm" element (together with the other applicable elements),

**IT IS SO ORDERED** that plaintiffs established to my satisfaction cause for plaintiffs Jane Doe #1 and Jane Doe #2 to proceed under a pseudonym for discovery purposes only. *See also 11/19/24 Order, ECF No. 229 at 1, 7, 9*.

DATED: August 7, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge