UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Angela Williams, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Jamal Rashid, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01676-APG-MDC<br><br>**ORDER ON DISCOVERY DISPUE STIPULATIONS (ECF NOS. 340 AND 341) and COMPELLING DISCOERY RESPONSES FROM JANE DOE #1** |

Pending before the Court are the *Stipulations Regarding Discovery Dispute* (ECF Nos. 340 and 341) filed unilaterally by defendants Western Best, Inc. ("Western Inc.") and Western Best, LLC ("Western, LLC) in compliance with the Court's 8/16/2024 Standing Order (ECF No. 217). For the reasons stated below, the Court **GRANTS** the stipulations and compels plaintiff Jane Doe #1 to fully and without objections respond by **January 9, 2026**, to the interrogatories served by Western Inc. and Western, LLC as set forth in this order.

The Court further orders Jane Doe #1 to show cause, in writing, by **January 23, 2026**, why her or her counsel should not be sanctioned for failing to comply with the Court's 8/16/2024 Standing Order.

**DISCUSSION**

This case arises from alleged sex trafficking of plaintiffs by defendants. *See* ECF No. 49. To resolve discovery disputes more effectively and expeditiously, the Court entered its 08/16/2024 Standing Order (ECF No. 217). Among other things, the Standing Order sets forth the process for resolving discovery disputes, which requires the parties to file a Stipulation Regarding Discovery Dispute in which they present their dispute, and their respective positions as follows:

1

### B. Discovery Disputes

Pursuant to LR 1-1(b)(2), Judge Couvillier requires the parties to follow the procedures outlined below regarding any discovery dispute. No discovery motion may be filed until the following procedure has been followed and such motion is ordered by Judge Couvillier:

    1. If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer in person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.

    2. If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each one of the following items:

        i. A brief, joint summary of the discovery dispute not to exceed one (1) page;

        ii. A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests. This may be done in single-spaced, 10-font.

        ii. A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention. This joint meet-and-confer summary may not exceed two (2) pages.

        iii. An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.

        v. Each side must make a proposal of compromise or resolution of the disputed discovery (e.g., request, interrogatory, deposition question). The proposal may not exceed two (2) pages per side.

*Id.*

Pursuant to the Court's Standing Order, defendants Western Inc. and Western LLC filed their respective *Stipulations Regarding Discovery Dispute* (ECF Nos. 340 and 341) regarding disputes over plaintiff Jane Doe #1's responses to defendants' interrogatories. Defendants filed their stipulations unilaterally because Jane Doe #1's counsel refused to join in the preparation and submission of the stipulations. Jane Doe #1 also elected not respond to the stipulations.

//

# DISCOVERY AT ISSUE

The discovery at issue concerns defendant Western Inc.'s First Set of Interrogatories to plaintiff Jane Doe #1 and defendant Western LLC's First and Second Sets of Interrogatories to plaintiff Jane Doe #1. Jane Doe #1 responded to defendants' interrogatories on March 6, 2025. Defendants argue that Jane Doe #1's interrogatory responses are deficient, incomplete, and evasive. *ECF Nos. 340 and 341.* Defendants also challenge the merits of Jane Doe #1's objections to the interrogatories. *Id.* According to defendants, they made numerous meet and confer efforts with Jane Doe #1 to resolve their discovery disputes. Jane Doe #1 eventually agreed to supplement her responses but failed to do so.

On November 3, 2025, counsel for Western Inc. and Western LLC sent counsel for Jane Doe #1 drafts of their stipulations (ECF Nos. 340 and 341) and requested her counsel to draft plaintiff's portion of the stipulation and make any other additions. Defendants afforded Jane Doe #1's counsel reasonable time and opportunity to prepare plaintiff's requisite sections of the stipulations. Jane Doe #1, however, failed to provide defendants with her requisite sections or otherwise cooperate in the process. *ECF Nos. 340 and 341.* Thus, defendants filed their stipulations unilaterally on November 25, 2025. *ECF Nos. 340 and 341.* Jane Doe #1 also elected not respond to the defendants' stipulations or otherwise dispute the arguments or representations made by defendants therein. The Court construes Jane Doe #1's failure to respond as her consent to the relief requested by the stipulations and to the merits of defendants' arguments and assertions. *See* LR 7-2(d); *Warren v. Dollar Tree, No.* 23-CV-01377-APG-EJY, 2023 WL 7195203, at *2 (D. Nev. Oct. 31, 2023) ("The District of Nevada Local Rule 7-2(d) applies not only to an opposing party's failure to file a physical document, but also to failure to assert in an opposition arguments that oppose those presented in the motion."); *Mortg. Fund IVC Tr. 2016-RN5 v. Brown*, No. 2:17-CV-2309-KJD-BNW, 2021 WL 215484, at *2 (D. Nev. Jan. 21, 2021) ("[T]he Court interprets Defendant's failure to respond to Plaintiff's arguments as an admission of the motion's merit and as


1  consent to granting the motion."), *aff'd sub nom. Linear Mortg., LLC v. Saticoy Bay LLC Series 2175*
2  *Clearwater Lake*, No. 21-15294, 2022 WL 1284304 (9th Cir. Apr. 29, 2022).

### **SHOW CAUSE**

Jane Doe #1 violated the Court's 08/16/2024 Standing Order (ECF No. 217).  Under Fed. R. Civ. P. 16(f)(1)(C), the Court may impose any "just" sanctions if a party or its attorney fails to obey a pretrial order.  A finding of bad faith under Rule 16 is not required. Sanctions per Rule 16 may be imposed even when disobedience is unintentional.  *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).  The Court may also impose "any and all appropriate" sanctions under Local Rule IA 11-8.  *Id*.  Finally, the Court may impose sanctions pursuant to its inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 n.13 (1991) (there is no indication in Rule 16 "of an intent to displace the inherent power, but rather simply to provide courts with an additional tool by which to control the judicial process."). Such sanctions include reasonable fees and costs for failing to comply with a magistrate judge's pre-trial orders.  *CLM Partners LLC v. Fiesta Palms, LLC*, No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760 (D. Nev. Dec. 5, 2013).

Therefore, the Court orders plaintiff Jane Doe #1 to show cause why she or her counsel should not be sanctioned for failing to comply with the Court's 08/16/2024 Standing Order (ECF No. 217).

//
//
//
//
//
//
//
//

**ORDER**

For the foregoing reasons:

**IT IS ORDERED** that:

1. Western Inc.'s *Stipulation Regarding Discovery Dispute* (ECF No. 340) is **GRANTED**. Plaintiff Jane Doe #1 shall serve by **January 9, 2026**, full, complete, and comprehensive responses, without any objections, to Western Inc.'s First Set of Interrogatories.

2. Western LLC's *Stipulation Regarding Discovery Dispute* (ECF No. 341) is **GRANTED**. Plaintiff Jane Doe #1 shall serve by **January 9, 2026**, full, complete, and comprehensive responses, without any objections, to Western LLC's First Set of Interrogatories and Second Set of Interrogatories.

3. Plaintiff Jane Doe #1 is ordered to show cause, if any, by no later than **January 23, 2026**, why she or her counsel should not be sanctioned for failing to comply with the Court's 08/16/2024 Standing Order (ECF No. 217).

DATED: December 11, 2025.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge